STATE OF NEBRASKA, EX REL. HENRY FOX, JR., V. N. A. CLARK, COUNTY CLERK OF NUCKOLLS COUNTY.

FILED NOVEMBER 17, 1898. No. 10430.

Nominating Conventions: VACANCY: DUTY OF COUNTY CLERK: MAN-DAMUS. A county convention of a political party met and made nominations for the various county offices to be filled at the ensu-ing regular election, and, by resolution passed, authorized the county central committee to nominate to fill any vacancies that might occur in the nominations of the convention. To the chair-man and secretary of the convention was by law assigned the task of preparation of a certificate of the nominations and its filing with the proper officer of the county. They carelessly and inattentively omitted from it one nomination. *Held*, That this created such a vacancy as was within the meaning of the provisions of a portion of a section of the election law, which reads as follows: "Should any person so nominated die before election day, or decline the nomination, as in this act provided, or should any certificate of nomination be insufficient or inop-erative, the vacancy or vacancies thus occasioned may be filled in the manner required for original nominations. If the original nomination was made by a party convention which had delegated to a committee the power to fill vacancies such committee may, upon the occurring of such vacancies, proceed to fill the same. The chairman and secretary of such committee shall thereupon make and file with the proper officer a certificate setting forth the cause of the vacancy, the name of the person nominated, the office for which he was nominated, the name of the person for whom the new nominee is to be substituted, the fact that the committee was authorized to fill vacancies, and such further information as is required to be given in an original certificate of nomination. The certificate so made shall be executed and sworn to in the manner prescribed for the original certificate of nomination, and shall, upon being filed at least eight (8) days before election, have the same force and effect as an original certificate of nomination." (Compiled Statutes 1897, ch. 26, sec. 138, or section 13, Australian Ballot Law.)

ORIGINAL application for mandamus to compel the county clerk of Nuckolls county to insert in the official ballot the name of a candidate selected by the republican county central committee to fill a vacancy on the ticket nominated by the republican county convention.. *Writ allowed.*

*Cole & Brown,* for relator.

*G. W. Stubbs, contra.*

HARRISON, C. J.

In a relation in an action of mandamus in which an order to the county clerk of Nuckolls county to place the name of Joseph Patterson, as nominee of the republican party for county commissioner of the first district of Nuckolls county, on the ballot, for the use of voters at the next regular election was asked, it was alleged, and for the purposes of the application admitted, that on August 5, 1898, during a session of a county convention of the republicans of Nuckolls county, there were nominated candidates for the several county offices to be filled by selection to be made by the voters at the ensuing regular election.  Of the condidates then nominated was Joseph Patterson to canvass for the office of county commissioner for the first district of said county.  Of the proceedings of the convention there was a resolution introduced and carried that the republican county central committee be empowered to fill all vacancies in the republican ticket which might occur.  The chairman and secretary of the convention filled out and filed with the county clerk a purported certificate of the nominations of the convention, but, through carelessness, failed to include therein the name of Joseph Patterson, and omitted mention of the office for which he was selected as a candidate.  When it became known to the persons interested that the certificate filed with the county clerk

was not effective of its purpose as to the one nomination, it was too late to do otherwise than to call the county central committee to assemble and fill the place on the ticket for which the name of no person had been certified as the nominee of the convention. The committee met and named Joseph Patterson for the place, and the action was certified by the chairman and secretary of said body, and the certificate filed with the county clerk at least ten days prior to the date of election. The action of the committee was to comply with its construction of the requirements of the provisions of sections 138 of chapter 26, Compiled Statutes 1897, or section 13 of what is styled the "Australian Ballot Law," which reads as follows: "Should any person so nominated die before election day, or decline the nomination, as in this act provided, or should any certificate of nomination be insufficient or inoperative, the vacancy or vacancies thus occasioned may be filled in the manner required for original nominations. If the original nomination was made by a party convention which had delegated to a committee the power to fill vacancies, such committee may, upon the occurring of such vacancies, proceed to fill the same. The chairman and secretary of such committee shall thereupon make and file with the proper officer a certificate setting forth the cause of the vacancy, the name of the person nominated, the office for which he was nominated, the name of the person for whom the new nominee is to be substituted, the fact that the committee was authorized to fill vacancies, and such further information as is required to be given in an original certificate of nomination. The certificate so made shall be executed and sworn to in the manner prescribed for the original certificate of nomination, and shall, upon being filed at least eight (8) days before election, have the same force and effect as an original certificate of nomination."

The sole contention for the respondent was that there was not a vacancy within the import of the section quoted above; hence he was not required in the prepara-

tion of the ballot to notice the certificate, and to put the name of Joseph Patterson thereon as a nominee for public office. While, by a labored effort in that direction, or by some refined reasoning for the purpose, doubtless the vacancy which existed in the roll of republican nominees when Joseph Patterson was nominated by the county central committee might be argued to be one which was not within the terms or meaning of the portion of the section of the election law which we have quoted, when the words employed are given their plain, ordinary significance, it appears that it is just such a vacancy as was in contemplation of the lawmakers in the enactment of said section. The county convention had made a nomination for the office of county commissioner, and its chairman and secretary, to whom was committed, both by the convention and the law on the subject, the work of preparation and filing the necessary certificate of the work of the convention in making nominations, so negligently or inattentively did it that the certificate was insufficient to show the complete results in nominations, and was so rendered inoperative as to the one herein in question, and there was thus created a vacancy in the nominations, clearly within the ordinary signification of the words employed in the section of the Australian Ballot Law to which we have referred. (See *People v. Hartley*, 170 Ill. 370.)

WRIT ALLOWED.