THE PEOPLE *ex rel.* Willis B. Powell *et al.*

*v.*

JOHN HARTLEY, County Clerk.

*Opinion filed December 22, 1897.*

1. ELECTIONS—*effect of refusal of clerk to place names of nominees upon the official ballot.* The refusal of the county clerk to place upon the official ballot the names of candidates nominated by a county convention because the certificate of nomination was not filed thirty days before the date of the election, is, in effect, a holding that the certificate of nomination was inoperative.

2. SAME—*vacancies caused by inoperative certificate of nomination—how filled.* Vacancies caused by the county clerk's holding a certificate of nomination for county offices to be inoperative, may, under section 9 of the Ballot act, (Laws of 1891, p. 110,) be filled by the county central committee by re-nominating the original candidates, where no provision for filling vacancies was made by the nominating convention and there is not sufficient time to call another convention.

ORIGINAL petition for *mandamus.*

FIFER & BARRY, BAYARD W. WRIGHT, and H. MAYO, for relators.

R. M. BARNES, and EDGAR ELDREDGE, for respondent.

Per CURIAM: The questions for decision in this case arise on the demurrer of the respondent to the petition for *mandamus* filed in this court by the relators. It appears from the petition that the regular convention for the nomination of candidates of the republican party for county offices of Marshall county, to be voted for at the election then to be held on the third day of November, 1896, was held at Lacon, in said county, on the 27th day of August, 1896, and nominated a candidate for each of said offices. A certificate of such nominations was afterwards, on the 19th day of October, 1896, filed with the county clerk. The certificate was in due form and properly certified, and no objections to it were filed, but the county clerk refused to place the nominees therein named on the official ballot, for the reason that the certificate was not filed thirty days before the day of the election. Thereupon the republican county central committee, which was the regularly elected general committee representing the republican party of Marshall county, met and filled the alleged vacancies by nominating the same nominees for the same offices, respectively. The nominations thus made by the committee were duly certified and the certificate filed with the county clerk, but that officer still refused to place the names of such nominees on the official ballot, and this petition was then filed to compel him to do so.

Section 9 of the act entitled "An act to provide for the printing and distribution of ballots at public expense," etc., approved June 22, 1891, commonly called the "Ballot law," is as follows: "In case a candidate who has been duly nominated under the provisions of section six (6) of this act die before election day, or decline the nomination, as in this act provided, or should any certificate of nomination be held insufficient or inoperative by the officer with whom they may be filed, the vacancy or va-

cancies thus occasioned may be filled by the political party or other persons making the original nominations, or, if the time is insufficient therefor, then the vacancy may be filled, if the nomination was by convention or caucus, in such manner as the convention or caucus had previously provided, or, in case of no such previous provision, then by a regularly elected general or executive committee representing the political party or persons holding such convention, meeting or caucus. The certificates of nomination made to supply such vacancy shall state, in addition to the other facts required by section six (6) of this act, the name of the original nominee, the date of his death or declination of nomination, or the fact that the former nomination has been held insufficient or inoperative, and the measures taken in accordance with the above requirements for filling a vacancy, and it shall be signed and sworn to by the presiding officer and secretary of the convention or caucus, or by the chairman and secretary of the duly authorized committee, as the case may be."

We are of the opinion that the refusal by the county clerk to have the names of the candidates nominated by the county convention held on August 27 printed on the official ballot was, in effect, to hold that the certificate of nomination was inoperative under the statute. If the first certificate became inoperative, it followed, under the provisions of the statute, that there were vacancies to be filled. These vacancies were filled in the manner prescribed in section 9, and no reason is perceived why they might not be legally filled by the proper political committee by the nomination of the same candidates. As the convention which nominated the candidates in the first place had made no provision for the filling of vacancies, and there was not, under the statute, sufficient time to fill such vacancies by the original political authorities who made the nominations in the first instance, the vacancies could be filled only "by a regularly elected general

or executive committee representing the political party or persons holding such convention, meeting or caucus."

The petition shows sufficient grounds for the allowance of the writ. To hold otherwise would place it within the power of the officials charged with the duty of printing the ballots, to disfranchise, for all practical purposes, a great number,—perhaps a majority,—of the legal voters in their counties, for while the voters might write upon the ballot the names of those for whom they desired to vote, still a large body of electors could not be expected to do this, or even to know with certainty the names of all the candidates.

This cause was argued, submitted and decided at the October term, 1896, and the writ was awarded as prayed, and this opinion is filed in pursuance of the announcement then made.  *Writ awarded.*