GEORGE A. BOWER *et al.* v. PERRY CLEMANS, *as County Clerk of Greenwood County.*

No. 11,604.   (58 Pac. 969.)

1. ELECTIONS—*Certificate of Nomination.* The refusal of a county clerk to place upon the official ballot the names of candidates nominated by a county convention because the certificate of nomination was not filed thirty days before the date of the election is, in effect, a holding that the certificate of nomination is inoperative.

2. —————— *Vacancies Filled by Central Committee.* Where no provision for filling vacancies was made by the nominating convention, and there is not time to call another convention, vacancies caused by the county clerk's holding a certificate of nomination to be inoperative may, under section 9, chapter 129, Laws of 1897 (Gen. Stat. 1897, ch. 52, § 43; Gen. Stat. 1899, § 2640), be filled by the county central committee by renominating the original candidates.

3. —————— *Time for Filling Vacancies.* The time mentioned in the statute for filling vacancies by the political party or persons making the original nominations refers to a date anterior to thirty days before the election.

Original proceeding in mandamus. Opinion filed November 11, 1899. Peremptory writ allowed.

*J. B. Clogston,* and *W. S. Marlin,* for plaintiff.

*L. H. Johnson,* county attorney, and *David Overmyer,* for defendant.

9—61 KAN.

The opinion of the court was delivered by

SMITH, J. : A motion was filed in this court for a peremptory writ of mandamus commanding the county clerk of Greenwood county to cause the names of the candidates for county treasurer, county clerk, sheriff, register of deeds, and coroner, nominated at a republican county convention held August 8, 1899, to be printed on the official ballot to be used at the general election for county officers to be held November 7, 1899.    From the agreed statement of facts it appears that the plaintiffs are the regular nominees for the respective county offices, as stated in the motion, nominated by a republican county convention regularly called, and held at the court-house of Greenwood county, Kansas, on the 8th day of August, 1899, and that Ira P. Nye and W. D. Smith were the regularly appointed and acting chairman and secretary, respectively, of said convention during all of its deliberations.    The chairman and secretary of the convention did not present for filing a certificate of the nominations of candidates for said respective offices with the county clerk until the 11th day of October, 1899, at five o'clock P. M., at which time they caused to be presented for filing a certificate of nomination, duly signed and verified by them and in due form, which certificate the county clerk refused to receive and file, for the reason, as claimed by him, that the same was not filed in due time.

Thereafter, on the 13th day of October, 1899, a regular meeting of the republican county central committee was duly held, a quorum being present, at which time the committee placed in nomination candidates to be voted for at the general election to be held in November, 1899, for the said respective offices

of the county. The same nominees who had been nominated at said republican county convention were chosen, and for the same offices, and it was ordered that the chairman of the republican county central committee, T. J. Souders, and the acting secretary *pro tem.*, R. Z. Swegle, prepare a duly certified certificate of nomination of the said candidates as aforesaid, to be executed and signed by them, and that on said day at three o'clock P. M. the said T. J. Souders did present to the county clerk the certificate; duly signed by said officials of the republican county central committee in due form, at the county clerk's office, and demanded and requested that said defendant file the same, which demand was refused for the reasons, as claimed by said county clerk, that said nominations were presented for filing out of time, and no deaths or resignations had occurred; that no provision was made by said republican county convention for filling vacancies, and that plaintiffs did not discover that there was no certificate of nominations filed until the 10th day of October, 1899.

Section 7, chapter 129, Laws of 1897 (Gen. Stat. 1897, ch. 52, § 40; Gen. Stat. 1899, § 2638), being an act regulating nominations and elections, requires that all certificates for the nomination of county officers shall be filed with the county clerk not less than thirty days previous to the day of such election. The law applicable to the case is found in section 9 of said act (Gen. Stat. 1897, ch. 52, § 43; Gen. Stat. 1899, § 2640). It reads:

"SEC. 9. In case a candidate who has been duly nominated, under the provisions of this act, dies before election day, or decline the nomination as in this act provided, or should any certificate of nomination be held insufficient or inoperative by the officers with whom they may be filed, the vacancy or vacancies

thus occasioned may be filled by the political party or the persons making the original nominations; or, if the time is insufficient therefor, then the vacancy may be filled, if the nomination was by convention, primary, or caucus, in such manner as the convention, primary or caucus had previously provided; or in case of no such provisions, then by the regularly elected or appointed executive or central committee representing the political party or persons holding such convention, primary meeting, or caucus. The certificates of nominations made to supply such vacancy shall state, in addition to the facts hereinbefore required by this act, the name of the original nominee, the date of his death or declination of nomination, or the fact that the former nomination had been held insufficient or inoperative, and the measures taken in accordance with the above requirements for filling a vacancy, and it shall be signed and sworn to by the presiding officer and the secretary of the convention, primary, or caucus, or by the chairman and secretary of the duly authorized committee, as the case may be.''

Counsel for defendant contend that on the 10th day of October, when it was discovered that the chairman and secretary of the convention had filed no certificate of nominations, in order to conform to the statute, another convention should have been held. Under that clause of section 9 which reads, '' or, should any certificate of nomination be held insufficient or inoperative by the officers with whom they may be filed, the vacancy or vacancies thus occasioned may be filled by the political party or the persons making the original nominations,'' provided the time is sufficient, etc., we construe the language of the statute referring to time to mean that, if there is time sufficient before the date on which the certificate of nominations should have been filed (in this case, October 8) for the calling and assembling of a convention, it

should have been done, and the nominations again made in that way. The word " time " does not have reference to the date of the election. It being less than thirty days before the election when the neglect of the officers of the convention was discovered, and that body not having previously provided a manner for meeting such a contingency, the duty then devolved upon the regularly elected or appointed central committee, by which it was exercised in this case.

The certificate of nominations signed by the chairman and secretary of the convention presented to the county clerk for filing on October 11 was, by his refusal to recognize the same and refusal to place the names of the candidates so certified on the official ballot, " held insufficient or inoperative," within the meaning of the law. Such presentation of the paper to the clerk for filing was tantamount in law to an actual filing. (*Rathburn v. Hamilton*, 53 Kan. 470, 37 Pac. 20.) In Illinois, under a statute of that state substantially similar in its provisions to ours, this same question arose. The reasoning of that court is clear and satisfactory. We quote from *The People v. Hartley*, 170 Ill. 370, 372, 48 N. E. 950 :

"We are of the opinion that the refusal by the county clerk to have the names of the candidates nominated by the county convention held on August 27 printed on the official ballot was, in effect, to hold that the certificate of nomination was inoperative under the statute. If the first certificate became inoperative, it followed, under the provisions of the statute, that there were vacancies to be filled. These vacancies were filled in the manner prescribed in section 9, and no reason is perceived why they might not be legally filled by the proper political committee by the nomination of the same candidates. As the convention which nominated the candidates in the first place had made no provision for the filling of vacan-

cies, and there was not, under the statute, sufficient time to fill such vacancies by the original political authorities who made the nominations in the first instance, the vacancies could be filled only ' by a regularly elected general or executive committee representing the political party or persons holding such convention, meeting, or caucus.'

" The petition shows sufficient grounds for the allowance of the writ. To hold otherwise would place it within the power of the officials charged with the duty of printing the ballots to disfranchise, for all practical purposes, a great number — perhaps a majority — of the legal voters in their counties ; for while the voters might write upon the ballot the names of those for whom they desired to vote, still a large body of electors could not be expected to do this, or even to know with certainty the names of all the candidates."

To the same effect see *State v. Clark*, 77 N. W. (Neb.) 87 ; *Rathburn v. Hamilton*, supra.

The application for this writ was argued, and the writ awarded as prayed for, on October 21 ; and this opinion is filed in pursuance of the announcement then made.