STATE EX REL. SCHARNIKOW, PLAINTIFF, v. HOGAN, DEFENDANT.

[No. 1619.]

[Submitted October 19, 1900. Decided, October 20, 1900.]

*Elections —Nominations —Filling Vacancies —Filing Certificate—Time.*

1. Where a convention of a political party has made a nomination, and authorized its committee to fill vacancies, and there is an error in the certificate of nomination filed, consisting of a misnomer of the party which the convention represented, such error renders the certificate void, thereby creating a vacancy to be filled by the committee, as provided by Pol. Code, Section 1320, which permits a duly authorized committee to fill vacancies when caused by death or declination of the candidate, or, when "any certificate of nomination is or becomes insufficient or inoperative from any cause."

2. Pol. Code, Section 1316, requiring certificates of nomination to be filed not less than 30 days before the day of election. refers only to certificates of original nomination made by conventions, primaries, or the requisite number of electors. and not to committee nominations to fill vacancies permitted by Section 1320, when the vacancy is caused by death or declination of the candidate, or by the insufficiency of the original certificate of nomination.

ORIGINAL application for *mandamus* by the state, on relation

of Edward Scharnikow, against Thomas S. Hogan, as secretary of the state of Montana, to compel defendant to certify relator's nomination for the office of district judge. Granted.

*Mr. T. O'Leary, Mr. N. W. McConnell* and *Mr. J. B. Clayberg,* for Relator.

*Mr. T. J. Walsh,* for Respondent.

PER CURIAM.—This is an application for a writ of *mandate* commanding the secretary of state to certify the name of the plaintiff to the clerks of the counties of Deer Lodge and Granite, which counties comprise the Third judicial district of the state of Montana. Omitting formal allegations, the petition states the following facts, which are admitted by the attorney general: At a judicial convention composed of delegates of the People's party from the counties of Granite and Deer Lodge the plaintiff was, on the 21st day of September, 1900, duly nominated as the candidate of that party for the office of judge of the district court of the Third judicial district; the People's Party is commonly known by the name of "Populist Party," but its true name is "People's Party;" In printing the ballots, the column in which will be placed the names of the candidates of the People's party will be designated as the "People's Party" column; the chairman and secretary of the convention prepared a certificate of the nomination of the plaintiff, and filed it with the secretary of state on the 4th day of October, 1900, and more than 30 days before the 6th day of November, when the general election of the year 1900 is to be held, but in the certificate, through mistake or inadvertence, they designated the People's Party as the "Populist Party," so that the certificate is inoperative or insufficient as a certificate of the nomination of the plaintiff as the candidate of the People's Party. The convention had delegated to an executive committee the power to fill all vacancies that might occur from any cause, and, in pursuance of such authority, the committee filled the vacancy which was deemed by its members to have occurred by reason of the supposed insuffi-

ciency of the certificate of nomination originally filed, and through its chairman and secretary, on the 17th day of October, 1900, and less than 30 days before the day of election, made and lodged with the sectretary of state a certificate setting forth the cause of the alleged vacancy, the name of the person nominated (who is the plaintiff), the fact that he was nominated for the office of judge of the district court of the Third judicicial district of Montana, the fact that the committee was authorized to fill the vacancy, and stating the name of the plaintiff, his residence, and his business address, and that he was the nominee of the People's Party. The secretary of state refuses to certify to the clerks of the counties of Granite and Deer Lodge the nomination of the plaintiff as the candidate of the People's Party for the office of judge.

Two questions are suggested in opposition to the granting of the writ:

1. It is argued that the committee was without authority to make the nomination, because there was no vacancy to be filled. Under the provisions of Sections 1310 to 1313, inclusive, of the Political Code, nominations to public office may be made by conventions, by primary meetings, and by electors not less in number than 5 per cent. of the number of votes cast for the successful candidate for the same office at the next preceding election. Section 1320 is as follows:

"If any person so nominated dies before the printing of the tickets, or decline the nomination as in this chapter provided, or if any certificate of nomination is or becomes insufficient or inoperative from any cause, the vacancy or vacancies thus occasioned may be filled in the manner required for original nomination. If the original nomination was made by a party convention which had delegated to a committee the power to fill vacancies, such committee may, upon the occurring of such vacancies, proceed to fill the same. The chairman and secretary of such committee must thereupon make and file with the proper officer a certificate setting forth the cause of the vacancy, the name of the person nominated, the office for which he was nominated, the name of the person for whom

the new nominee is to be substituted, the fact that the committee was authorized to fill vacancies, and such further information as is required to be given in an original certificate of nomination. The certificate so made must be executed in the manner prescribed for the original certificate of nomination, and has the same force and effect as an original certificate of nomination. When such certificate is filed with the secretary of state, he must, in certifying the nominations to the various county clerks, insert the name of the person who has thus been nominated to fill a vacancy in place of the name of the original nominee. And in the event he has already transmitted his certificate, he must forthwith certify to the clerks of the proper counties, the name and description of the person so nominated to fill a vacancy, the office he is nominated for, the party or political principle he represents and the name of the person for whom such nominee is substituted."

We are of the opinion that there was a vacancy, within the meaning of this section. The judicial convention of the People's Party had duly nominated the plaintiff for the office of district judge. It then became the duty of the chairman and secretary of the convention to certify the nomination to the secretary of state, designating in the certificate the party which such convention represented. But instead of giving to the party its true name, which is the "People's Party," they called it the "Populist Party" in the certificate. By the error in the certificate, consisting in the misnomer of the party which the convention represented, the certificate was insufficient to accomplish the purpose for which it was designed. The plaintiff was not the candidate of the Populist Party, *eo nomine*, but was the candidate of the People's Party. There being a vacancy occasioned by the insufficiency of the certificate of nomination, the executive committee, under the power delegated to it by the convention, was authorized to flll the vacancy by nominating the plaintiff or any qualifled person as the candidate of the People's Party. The case of *State* v. *Clark*, 56 Neb. 584, 77 N. W. 87, while based upon facts differing somewhat from those here presented, is a direct adjudi-

cation upon the question now being considered, and we believe the rule there announced to be correct upon principle. Although decided under statutes dissimilar in many respects from Section 1320, *supra*, the cases of *Bower* v. *Clemans*, 61 Kan. 129, 58 Pac. 969; *People* v. *Hartley*, 170 Ill. 370, 48 N. E. 950, and *Rathburn* v. *Hamilton*, 53 Kan. 470, 37 Pac. 20, are in point, and lend support to the conclusion we have reached.

2.   Sections 1310, 1312 and 1316 of the Political Code, when read together, prescribe that certificates of nominations made by conventions, primaries, or electors of candidates for offices to be filled by the voters of any division or district of the state greater than a county must be filed with the secretary of state not more than 60 days, and not less than 30 days, before the day fixed by law for the election.   The certificate of the nomination of the plaintiff by the convention was filed in due season; the certificate of his nomination by the executive committee was filed on the 17th day of October, 1900, and less than 30 days before the 6th day of November.   Argument is advanced that the last mentioned certificate, not having been filed within the time specified in Section 1316, is nugatory.   But this section has to do only with original nominations.   In *State ex rel. Pigott* v. *Benton*, 13 Mont. 306, 34 Pac. 301, it was held that a convention could delegate to a committee the power to fill a vacancy left in the ticket by the convention,—in other words, that a convention might omit altogether to make a nomination, and authorize its committee to name a candidate after the adjournment of the convention— in short, that a committee may by resolution be authorized to fill a vacancy, even when there was no original nomination by the convention.   If the interpretation there given to the statute be correct, the inevitable conclusion is that in such a case the nomination by the committee is an original one, the certificate of which must be filed within the time limited by Section 1316 for the filing of certificates of nominations made by conventions.   Indeed, the reason assigned for the holding in the Benton case was that, by authorizing the committee to fill

vacancies that then existed, the convention ratified in advance any nomination thereafter made by the committee, and that such committee nomination was a convention nomination; whence follows the necessary consequence that such a nomination is an original nomination by the convention, which must be certified to the proper officer within the limits of time fixed by statute for the filing of nominations made by conven-tions. Such is manifestly the doctrine announced in the Benton case. That decision, however, is not a precedent governing or pertinent to the solution of the question now before us; for in the present proceeding a party convention made a nomination, and delegated to a committee the power to fill vacancies; a vacancy was occasioned by the failure of the chairman and secretary of the committee to file a sufficient certificate of nomination, and the committee, in virtue of its delegated authority, filled the vacancy by nominating the plaintiff. The command of Section 1316 is that certificates of nominations must be filed not more than 60 days, and not less than 30 days, before the day of the election, but this has reference only to certificates of original nominations made by conventions, primaries, or the requisite number of electors, and has nothing whatever to do with committee nominations permitted by Section 1320. The statute is silent touching the time within which must be filed the certificate of nomination made by a committee to fill a vacancy occasioned by the insufficiency of the certificate of the original nomination. When a convention has made a nomination, and has authorized its committee to fill any vacancy that may occur, the filling of the vacancy by the committee upon the death or resignation of the candidate, or because the original certificate of nomination was or became insufficient or inoperative, may be made at any time before the day of election. In the case at bar the committee filled a vacancy occurring where the convention had previously made a nomination. It is true that the certificates of original nominations made by party conventions must be filed within the periods prescribed by Section 1316, *supra*, but there is no such requirement in respect of nominations made by virtue of the

delegated power in a committee, which, as in this case, has filled a vacancy where the convention had theretofore made a nomination.    (Section 1353, Political Code; *Bower* v. *Clemans* and *Rathburn* v. *Hamilton, supra*).

Let the peremptory writ issue as prayed.    Judgment will be entered accordingly.