D. A. REESE, et al., Appellees, v. A. J. HOGAN, Auditor, Appellant.

Nomination Papers: WHAT MAY CONSTITUTE FILING. Under Code, section 1104, requiring certificates of nomination for county offices to be filed with the county auditor not less than 20 days before election, the presentation of a certificate to the auditor is tantamount to a filing, though the auditor does not mark it as filed.

FILLING VACANCIES IN NOMINATIONS: Power of auditor. Code, section 1104, requires certificates of nomination for county offices to be filed with the county auditor not less than 20 days before election. Section 1102 provides that, if a certificate is held insufficient by the officer with whom it is filed, vacancies may be filled, etc. Held that, where the auditor determines a certificate not filed in time, the vacancies may be filled under the statute.

Appeal from Johnson District Court.—HON. M. J. WADE, Judge.

SATURDAY, OCTOBER 18, 1902.

MANDAMUS proceedings to compel defendant to place plaintiffs' names upon the official ballot in Johnson county, Iowa, for general election in the year 1901. The trial court granted the writ, and defendant appeals.—Affirmed.

Baker & Ball and O. A. Byington for appellant.

Milton Remley, Howell & Wilson, Dutcher & Davis, C. S. Ranck, A. E. Maine and Geo. W. Swords for appellees.

DEEMER, J.—From appellant's argument we quote the following succinct statement of facts and legal propositions involved in this appeal: "The material facts are that a political party, duly authorized by the number of votes cast to have a place upon the official ballot, nominated a ticket in due and regular form, but failed to tender the auditor a certificate of nominations within the 20 days prior to election, required by section 1104 of the Code; that after said time a certificate of nominations was tendered and refused; that an error was discovered therein, and a corrected certificate was tendered and refused; that a duly authorized executive committee nominated a ticket, as provided by law, to fill vacancies, and a certificate of said nominations was tendered and refused; that the tender of all of said certificates was made, and all of said acts were performed, after the expiration of the time fixed by law within which certificates of nominations for county officers shall be filed. The foregoing undisputed facts present practically but two legal questions: First. Is the provision of section 1104, requiring the filing of certificates of nominations of county officers within 20 days before election, mandatory or directory? Second. Where certificates of nominations are not tendered and filed within the time required, and where the tender is made and filing refused thereafter, does such failure to make timely filing create a vacancy, so as to authorize the nomination of candidates by committee, as provided by section 1102, and is the auditor required to file such certificate of nominations?"

The material parts of section 1104 of the Code are as follows: "Certificates of nomination * * * of candidates for * * * all other officers [including county officers] shall be filed with the county auditors of the respective counties, not more than sixty or less than twenty days * * * before the day fixed by law for the holding

of elections." Without determining the character of this section,—that is, as to whether it is directory or mandatory,—we copy the following from section 1102: "If a candidate declines a nomination, or dies before election day, or should any certificate of nomination or nomination papers be held insufficient or inoperative by the officer with whom it may be filed, or in case any objection made to any certificate, or nomination, or nomination paper, or to the eligibility of any candidate therein named, is sustained by the board appointed to determine such questions, as hereinafter provided, the vacancies thus occasioned may be filled," etc. The decision, as we view it, turns upon the construction to be given these words from the section last above quoted, to wit, "held insufficient or inoperative by the officer with whom it may be filed." Appellant contends that they have no reference to a case like this, where the certificate of nominations was not presented to the officer with whom it is to be filed until after the expiration of the 20 days allowed by law for the filing of the certificates as provided in section 1104 of the Code. That the presentation of the certifiate to the defendant was tantamount to a filing must be conceded, although the defendant did not mark it as filed. Similar statutes have been so construed in a great number of cases, and the law on this point is so well settled as to require no citation of authorities supporting the same. But the broader question remains, was the presentation of the certificate to the auditor made at such a time as that we should hold, as a matter of law, that no certificate was presented, and that there was, in legal effect, no holding that it was insufficient or inoperative by the officer with whom it should be filed? True, the statute requires that the certificate shall be presented within certain time limits, but some one is, of course, required to determine whether or not it is sufficient in form, and was presented in such time that the nominees should

have their names printed on the official ballot. That one, of course, is the auditor. And if he finds that it was not presented in time, this is a holding that it is insufficient and inoperative. The statute does not specify the grounds on which a holding may be based, and it is manifest that either time or form may and must be considered by the county auditor. If not filed in time, it is, of course, inoperative, and in such a case section 1102 applies, and the vacancies may be filled as therein provided. That such vacancies were properly filled in this case, provided section 1102 applies, is conceded, and we are clearly of opinion that the writ was properly granted. A construction should not be given these statutes which would practically disfranchise a large number of electors through no fault of their own, unless such construction is the only reasonable one which the statute will bear. As said in *People v. Hartley*, 170 Ill. 370 (48 N. E. Rep. 950), "To hold otherwise would place it within the power of the officials charged with the duty of printing the ballots to disfranchise, for all practical purposes, a great number—perhaps a majority — of the legal voters in their counties." See, also, *State v. Clark*, 56 Neb. 584 (77 N. W. Rep. 87); *Bower v. Clemans*, 61 Kan. 129 (58 Pac. Rep. 969).

The conclusion is irresistible that this case comes within the plain provisions of section 1102, and that the judgment should be, and it is AFFIRMED.