STATE EX REL. GALEN, RELATOR, *v*. HAYS, RESPONDENT.

(No. 2,114.)

(Submitted October 15, 1904.   Decided October 17, 1904.)

*Elections—Nominations — Certificate—Sufficiency—Time of Filing—Filling of Vacancies.*

1.  Political Code, Section 1316, requiring certificates of nomination to be filed with the secretary of state not more than sixty nor less than thirty days before election, is mandatory, and a certificate of original nominations made by a party convention cannot be filed less than thirty days before election.
2.  Under Political Code, Section 1311, relative to the filing of certificates of convention nominations, and providing that the certificate of nomination, which must be in writing, must contain the name of each person nominated, his residence, etc., all convention nominations of one party must be contained in a single certificate, and a separate certificate for each nominee cannot be filed.

3. Political Code, Section 1311, provides for the filing with the secretary of state of a certificate of the nominations made by party conventions, and Section 1320 provides that, if any certificate of nomination is or becomes insufficient the vacancy may, if the original nomination was made by a party convention which had delegated to a committee the power to fill vacancies, be filled by such committee. *Held,* that an inadvertent failure to include the name of a convention nominee for a certain office in the certificate of nominations renders that certificate insufficient, within the meaning of Section 1320, and entitles the proper committee to fill the vacancy.

APPLICATION by the state, on the relation of Albert J. Galen, against George M. Hays, as secretary of state, for a writ of mandate. Writ issued.

*Mr. H. G. McIntire, Mr. M. S. Gunn,* and *Mr. Henry N. Blake,* for Relator.

*Mr. James Donovan, Attorney General,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is in the matter of the application for a writ of mandate to compel the secretary of state to receive and file a certain certificate of nomination of the petitioner for the office of attorney general of the state of Montana, said certificate having been made by the state central committee of the Republican party, and to certify to the several county clerks in the state the name and description of the petitioner as the candidate of said party for the office mentioned, to the end that said nomination should be printed upon the official ballots of the several counties for the general election to be held on November 8, 1904. The attorney general, Hon. James Donovan, appeared for the respondent.

The facts in the case are not in dispute. The petitioner was duly nominated at the Republican state convention for the office of attorney general. Through inadvertence, accident or mistake the name of Albert J. Galen, the petitioner herein, was omitted from, and no mention was made of the office of attorney general in, the certificate of nominations which was made, signed and filed in the office of the secretary of state by the chairman and

secretary of the convention.  It having been discovered that the name of Mr. Galen as such nominee and all mention of the office of attorney general were wanting in the certificate so filed on the 1st day of October, 1904, the state central committee of said party at a meeting held in the city of Butte in this state on the 11th day of October, at which more than a majority of the members thereof was present, passed and adopted a resolution to the effect that, as there was a vacancy as to the office of attorney general existing in the nominations as certified by the chairman and secretary of the Republican state convention, and as the said committee was desirous of filling such vacancy, therefore it was resolved that Albert J. Galen, whose residence was, etc., was regularly nominated to fill said vacancy, and the chairman and the secretary of the said committee were then and there authorized and directed to certify the Galen nomination so made to the secretary of state.  A certificate was made in accordance with said direction, and properly signed, and presented to the secretary of state on the 12th day of October, 1904, at his office. It appears that the secretary of state, being in doubt as to his duty under the circumstances, then and there refused to accept or receive such certificate, and stated that he would refuse to certify to the county clerks the nomination thus made.

An alternative writ having been issued by this court upon proper petition, the attorney general, for the respondent, moved to quash and set aside the petition upon the grounds (1) that it showed that there was no vacancy existing in the nomination for attorney general on the said ticket; (2) that the certificate tendered was not the regular certificate of nomination by the convention, but was made by the state central committee to fill an alleged vacancy, instead of being certified by the proper officers of the convention.  The position of the respondent was that the statute (Section 1316, Political Code) requiring certificates of nomination to be filed with the secretary of state not more than sixty days and not less than thirty days before the day fixed by law for the election is directory, and not mandatory, and that, therefore, the time not having arrived for the secretary

of state to certify the nominations to the county clerks, there was ample time for the officers of such convention to make a certificate of nomination of Mr. Galen, certify the same, and have it filed by the secretary of state; and that, such being the law and the facts, there was no authority in law for the making and filing of such a certificate as the one presented, to-wit, one made by the officers of the state central committee. The attorney general stated that, if his motion should be overruled, he would stand upon it. The motion to quash was overruled.

This court, in *State ex rel. Scharnikow* v. *Hogan,* 24 Mont. at page 402, 62 Pac. 683, expressly declared that certificates of original nominations made by party conventions must be filed within the period prescribed by Section 1316, but that there is no such requirement in respect of nominations made by virtue of the delegated power in a committee to fill vacancies.

It was stated on the part of the respondent on the hearing that the law did not contemplate merely one certificate embracing all the nominations, but that it was the duty of the officers of a convention to certify each nomination, and that this might be done by separate certificate for each nominee, and that the certificate on file therefore was not insufficient or inoperative under Section 1320, Political Code, and had not become such as to Mr. Galen, for the reason that there had not been any certificate of nomination made on his behalf. The statute (Section 1311, Political Code) contemplates one certificate of nomination, and one only, as coming from the state convention, for it says: "The certificate of nomination, which must be in writing, must contain the name of each person nominated, his residence, * * * and it must be signed by the presiding officer and secretary of such convention. * * *"

As we have said, it is mandatory that this certificate must be made and filed before the thirty days before the election commence to run. The certificate filed certainly was, when received by the secretary of state, insufficient for the purpose of declaring the will of the Republican party in convention assembled

as respects nominations, and for carrying into effect the intention of the legislature, which had provided for a certain form and style of one ballot to be presented to the people after being prepared in the manner fixed by the election laws.

Under Section 1320 of the Political Code, "if any person so nominated dies before the printing of the tickets, or decline the nomination as in this chapter provided, or if any certificate of nomination is or becomes insufficient or inoperative from any cause, the vacancy or vacancies thus occasioned may be filled in the manner required for the original nomination. If the original nomination was made by a party convention which had delegated to a committee the power to fill vacancies, such committee may, upon the occurring of such vacancies, proceed to fill the same. The chairman and secretary of such committee must thereupon make and file with the proper officer a certificate setting forth the cause of the vacancy, the name of the person nominated, the office for which we was nominated, the name of the person for whom the new nominee is to be substituted, the fact that the committee was authorized to fill vacancies, and such further information as is required to be given in an original certificate of nomination. The certificate so made must be executed in the manner prescribed for the original certificate of nomination, and has the same force and effect as an original certificate of nomination.   *   *   *"  Such a certificate to fill a vacancy was made by the state central committee, to which the necessary authority had been duly given by the convention, and was offered to the secretary of state.

"The statute is silent touching the time within which must be filed the certificate of nomination made by a committee to fill a vacancy occasioned by the insufficiency of the certificate of the original nomination. When a convention has made a nomination, and has authorized its committee to fill any vacancy that may occur, the filling of the vacancy by the committee upon the death or resignation of the candidate, or because the original certificate of nomination was or became insufficient or inoperative, may be made at any time before the day of election."

(*State ex rel. Scharnikow* v. *Hogan, supra.*)  In our opinion,
under the circumstances of this case, such a vacancy existed at
the time the certificate above mentioned was offered for filing.
(*State of Nebraska ex rel. Fox* v. *Clark County Clerk,* 56 Neb.
584, 77 N. W. 87; *Bower* v. *Clemans,* 61 Kan. 129, 58 Pac.
969; *People ex rel. Powell* v. *Hartley,* 170 Ill. 370, 48 N. E.
950; *Rathburn* v. *Hamilton,* 53 Kan. 470, 37 Pac. 20.)

To adopt the language used by the Nebraska court in the case
above, we may say that, while by a labored effort in that direc-
tion, or by some refined reasoning for the purpose, doubtless the
vacancy which existed in the roll of Republican nominees when
Albert J. Galen was nominated by the state central committee
might be argued to be one which was not within the terms or
meaning of the portion of the section of the election law which
we have quoted, when the words are given their ordinary sig-
nificance it appears still that it is just such a vacancy as was in
contemplation of the lawmakers in the enactment of said section.
The convention undoubtedly made the nomination, and its offi-
cers, who, both by the convention and the law, were required to
certify the same, negligently or inattentively failed to make the
certificate sufficient to show the complete results in the nomina-
tions made, and it thus was rendered inoperative as to the one
in question, and there was thus created a vacancy in the nomi-
nations, clearly within the common-sense meaning of the words
employed in the section of the election law to which  we have
referred.

It was ordered heretofore, to-wit, on the 17th day of October,
1904, that a peremptory writ of mandate issue, directing the
secretary of state to receive the certificate of nomination made
by said committee, and file the same, and to enter the name of
Mr. Galen under the designation of the Republican party for
the office of attorney general as nominated by said convention.

*Writ issued.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY took no part in this decision.