STATE EX REL. BEVAN, RELATOR, *v.* MOUNTJOY, SECRETARY
OF STATE, RESPONDENT.

(No. 6,358.)

(Submitted June 18, 1928. Decided June 20, 1928.)

[268 Pac. 558.]

*Injunction—Primary Elections—Time for Filing Nominating
Petitions—Construction of Statute.*

Statutes and Statutory Construction — When Statute not Susceptible
of Interpretation.
1.  Where the language of a statute is plain, unambiguous,
direct and certain, it speaks for itself and recourse to interpre-
tation is unnecessary.

Same—Statutes *in Pari Materia* may be Considered.
2.  In ascertaining the meaning of a statute intended by the
legislature, statutes *in pari materia* may with propriety be taken
into consideration.

Primary Elections — Time for Filing Nominating Petitions — Statute
—Construction.
3.  *Held,* on application for writ of injunction to prevent certifi-
cation of names of certain aspirants for state office as candidates
to be voted on at the primary election to be held on July 17, the
date fixed by law for such election, that the provision of section
644, Revised Codes 1921, as amended by Chapter 133, Laws of 1923,
p. 385, requiring the filing of petitions for nomination for state
offices with the secretary of state "not less than forty days be-
fore the date" of the election, construed in the light of other
sections of the Code fixing the time within which the secretary
of state shall certify the names of such candidates as *in pari
materia,* is exclusive, making inapplicable the provision of sec-
tion 10707, Revised Codes 1921, that the time in which any act
provided by law is to be done must be computed by excluding
the first day and including the last; that, forty full days being
required, the date of filing must be excluded from computation
and, the section providing that the filing must be done forty
days before the date of the election, July 17 may not be counted;
that therefore nominating petitions were required to be filed before
midnight of June 6 and petitions filed on June 7 were too late and
the names of the candidates therein mentioned not entitled to
certification.

Secretary of State—Office Hours—Under Statute may Conduct Busi-
ness at Any Time During Twenty-four Hours of Day.
4.  Under section 453, Revised Codes 1921, fixing the office hours
of the secretary of state as from 9 o'clock in the morning until
5 o'clock in the afternoon of every business day "and at other
times when the accommodation of the public or the proper trans-

1.  See 23 Cal. Jur. 721; 25 R. C. L. 957.
2.  See 23 Cal. Jur. 785; 25 R. C. L. 1060.

[82 Mont. 594.]

action of business requires," he may transact business in his office at any time during the twenty-four hours of each business day.

Statutes and Statutory Construction—Doubt as to Meaning of Particular Phrase—Rule.

5. A legislative enactment must be so construed that the whole will stand, and where there is any doubt as to the meaning of a particular phrase therein it must be given such a reasonable construction as will harmonize it with other provisions dealing with the same subject.

Same—Computing Time—Rule of Construction of Statute.

6. In construing statutes relative to computation of time, courts will carry out the intention of the legislature which is to be gathered not only from the language used in the provision under consideration, but from the context as well, and whenever it is apparent that only clear days are meant, its intention will be followed regardless of the particular language used in the clause.

---

[1–3] Elections, 20 C. J., sec. 113, p. 115, n. 15. Statutes, 36 Cyc., p. 1103, n. 90, p. 1147, n. 30.
[4] Time, 38 Cyc., p. 314, n. 46.
[5] Statutes, 36 Cyc., p. 1129, n. 59.
[6] Time, 38 Cyc., p. 309, n. 7.

Original application for injunction by the State, on the relation of M. H. Bevan, against John W. Mountjoy, as Secretary of State to restrain respondent from certifying the names of certain candidates for state office on the grounds that their nominating petitions were not filed within the time provided by law. Writ issued.

*Mr. William T. Pigott,* for Relator, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Angstman* argued the cause orally.

*Mr. S. C. Ford, Amicus Curiae,* argued the cause orally.

Opinion: PER CURIAM.

This is an original proceeding instituted to obtain a perpetual injunction restraining John W. Mountjoy, secretary of state, from certifying the names of eight aspirants for

---

5. See 23 Cal. Jur. 757, 760; 25 R. C. L. 999, 1006.

state office as candidates by petition for nomination for the different offices for which they have filed under party designations at the primary election to be held in Montana, pursuant to law, on July 17, 1928. Upon presentation of the petition for the writ, an order to show cause why the writ should not be issued as prayed was granted, and thereby the respondent restrained from certifying the names of such candidates pending a hearing and final determination by this court of the questions involved. The respondent filed a general demurrer to the petition, and thereafter the matter was regularly brought on for hearing on the merits upon the facts alleged in relator's petition. The only question presented for decision is: What is the last date under the law that candidates for state office may file nominating petitions?

It appears than on, and not before, the seventh day of June, 1928, each of the persons hereinafter mentioned filed with, and in the office of, the secretary of state his or her purported petition in form and substance conformable with the law, as a candidate of a designated political party for the nomination of an office at the primary nominating election to be held on July 17, 1928. On the seventh day of June, Miles Romney filed his petition as a candidate of the Democratic party for nomination for the office of governor; Pauline E. Patton filed her petition as a candidate of the Democratic party for the office of superintendent of public instruction; Lucile Quaw filed her petition as a candidate of the Democratic party for nomination for the office of superintendent of public instruction; W. T. McKeown filed his petition as a candidate of the Democratic party for nomination for the office of judge of the district court of the tenth judicial district; George W. Magee filed his petition as a candidate of the Democratic party for nomination for the office of judge of the district court of the nineteenth judicial district; James E. Stevens filed his petition as a candidate of the Republican party for nomination for the office of governor; Jeanne Buckmaster

filed her petition as a candidate of the Republican party for nomination for the office of superintendent of public instruction; and J. R. Hartley filed his petition as a candidate of the Republican party for nomination for the office of railroad and public service commissioner. The secretary of state has threatened and will, on or before June 22, 1928, unless restrained by order of this court, include in the arrangement or list of candidates which he is required to certify under the law, the names of the persons above mentioned, all of whom filed their several petitions for nomination on June 7.

So far as necessary to be here considered, it is by the [1-3] statute provided that "all petitions for nomination under this Act for offices to be filed [filled] by the state at large, or by any district consisting of more than one county, and nominating petitions for judges of district courts in districts consisting of a single county, shall be filed in the office of the secretary of state *not less than forty days before the date* of the primary nominating election" (sec. 644, Rev. Codes 1921, as amended by Chap. 133, Laws 1923, p. 385); and "not more than forty and *not less than twenty-five days before the day fixed by law for the primary nominating election* the secretary of state shall arrange, in the manner provided by this law, for the arrangement of the names and other information upon the ballots, all the names of and information concerning all the candidates for nomination contained in the *valid petitions for nomination* which have been filed with him *in accordance with the provisions of this law,* and he shall *forthwith certify* the same under the seal of the state, and file the same in his office, and make and transmit a duplicate thereof by registered letter to the county clerk of each county in the state" (Id., sec. 648, as amended by Chap. 12, Laws 1925, Supplement Rev. Codes of Montana, p. 81).

Section 619 of the Revised Codes of 1921, as amended by Chapter 58, Laws of 1925, 1927 Supplement of Revised Codes of Montana, p. 77, enacted by the same legislative assembly which passed amended section 648, again reiterates the same

mandate, in different form, directed to the secretary of state, with respect to the time in which he may and must make certification to the county clerks of each county, of candidates for state office, as follows: "*Not less than twenty-five nor more than forty days before an election* to fill any public office, and the secretary of state must certify to the county clerk of each county within which any of the electors may by law vote for candidates for such office, the name and description of each person nominated, as specified in the certificates of nomination filed with the secretary of state."

In view of such statutory requirements, was the filing of the petitions on June 7, less than forty days next before July 17, the date fixed by law for holding the primary election? In our opinion the language of these enactments is plain, unambiguous, direct and certain, and speaks for itself without the necessity of resort to interpretation. Therefore reference to elementary principles of statutory construction becomes wholly unnecessary. (*Chmielewska* v. *Butte & Superior Min. Co.*, 81 Mont. 36, 261 Pac. 616.) In clear and unequivocal language such nominating petitions must be filed with the secretary of state "*not less than forty days before the date of the primary election.*" Thirty-nine days before will not suffice, and those filed less than forty days before the election are manifestly without validity under the plain language of the statute. The provisions of sections 619 and 648 remove all possible doubt as to the legislative intent in the enactment of section 644. These statutes are *in pari materia,* and it is elementary that their provisions may with propriety be considered together in ascertaining and determining the meaning intended by the lawmakers. Section 648 requires that the secretary of state shall certify the names and other information "contained *in the valid* petitions for nomination which have been filed in his office * * * *not more than forty nor* less than twenty-five days *before the time fixed by law* for the primary nominating election." And again, section

619 commands that he "shall certify the names of such candidates *not less than twenty-five nor more than forty days before*" the date the election is to be held. Accordingly, the secretary of state is required to close the books at the end of the forty-first day before the date of the election, and he is at liberty to make such nominating certification on the morning of the fortieth day before the election, thus conclusively demonstrating that nominating petitions received on the fortieth day before election, or subsequently, come too late, are invalid, and should not be considered in making such certification.

The language of the statute is exclusive, and section 10707, Revised Codes of 1921, providing that "the time in which any act provided by law is to be done is computed by excluding the first day and including the last," etc., relied upon by the learned counsel appearing in support of the secretary of state's position, is without application. (*State ex rel. St. George* v. *Justice Court*, 80 Mont. 53, 257 Pac. 1034.) As the act here required must be done at least forty days before the date of the primary election, which is July 17 this year, it is manifest that July 17 cannot be included in computation of the forty-day period. The statute says it must be prior to the date of election, July 17, and forty days before July 17 would be June 6, as full days are required and the date of filing must be excluded from computation. This is conclusively demonstrated as the proper construction by the language employed in sections 619 and 648 of the statutes authorizing the secretary of state to certify such nominations not more than forty days before the date of the nominating election. This being so, the conclusion is inevitable that such nominating petitions must have been filed before the close of the 6th day of June, otherwise the secretary of state would not have forty days at his disposal within which to make the certification, though by the statute he is privileged to make the same forty days before the election, and must make such certification not less than twenty-five days before the date of the election. The

secretary of state is, therefore, given forty full days before the seventeenth day of July in which to certify the nominations to the county clerks. Accordingly he had the entire day of June 7 in which to certify the nominations. The office hours [4] of the secretary of state are from 9 o'clock in the morning until 5 o'clock in the afternoon of every business day, "and at other times when the accommodation of the public or the proper transaction of business requires." (Sec. 453, Rev. Codes 1921.) He may, if he sees fit, transact business in his office at any time during the twenty-four hours. He could certify a nomination within the first hour, or indeed upon the first moment, of June 7, had he desired to do so. If he had forty days before July 17 in which to certify the nominations, this necessarily must be so. Consequently, if the secretary of state has the right to certify the nominations on the morning of June 7, the filing of nominations must be completed in his office on or before June 6; which is a clear and unmistakable indication that it was intended by the legislature that the nominations which must be filed in the office of the secretary of state must be filed therein forty clear days before the date of the primary election. Any other construction would fritter away the clear meaning and intent of what appears to us to be plain language. The statute is mandatory, and a petition for nomination offered for filing after the time prescribed is of no force or effect,—it is invalid. (*State ex rel. Galen* v. *Hays,* 31 Mont. 227, 78 Pac. 301.)

We recognize that there is much conflict in the decisions of the courts in attempting to interpret and apply like statutes, but notwithstanding such diversity of opinion, and with full appreciation thereof, the rule was laid down by this court about a year ago, after mature deliberation, in *State ex rel. St. George* v. *Justice Court,* supra, and we see no reason to modify the same in any respect. In that case it is said: "The authorities draw quite a distinction between doing a thing within a certain time after an event or date and doing a thing so many days before a certain day. Again, some authorities

draw a further distinction between doing a thing so many days before an act, event or a thing (such as 'an appearance'), which may be done some time or any time during a day, and doing a thing so many days before a certain day, which must and does begin at midnight before dawn of that day. Of course, a thing to be done in or within twenty days from a certain date may be done on the twentieth day. There the statutory rule applies; the first day is excluded; the last day, included. However, in this particular instance, the last day, the return day * * * must be excluded, because the statute governing (sec. 9895) says so; it says 'before' the return day and that necessarily excludes it; it cannot be counted; and section 10707 excludes the first day, as it should be excluded. * * * A day is composed of twenty-four hours and is the period of time between any midnight and the midnight following. (Sec. 4281, Rev. Codes, 1921.) This is not an act required to be done 'within' four days before the return day. It must be done at least four days 'before' the return day. Manifestly, if done on the fourth day before the return day, counting backward, it would be 'within' four days before, but that does not satisfy the requirement of at least four days 'before.' (*Seawell* v. *Gifford,* 22 Idaho, 295, Ann. Cas. 1914A, 1132, 125 Pac. 182.)'' The authorities cited upon page 62 (257 Pac. 1037) of the opinion in that case need not be again designated, but we make special reference to *Seawell* v. *Gifford,* last above cited in the quotation from the *St. George Case.* (See, also, *Fenlason* v. *Shedd,* 109 Me. 326, 84 Atl. 409.)

The books are filled with cases concerning the rule to be adopted in the computation of time, and many nice distinctions are drawn as to whether the time should be so computed as to leave a given number of clear days between the happening of two events, or as to whether the first and the last days shall be excluded, or the first, or the last. As we view the matter, in this case it is unnecessary to indulge in the niceties of logical reasoning as to the proper construction to be given the

phraseology of a clause or sentence which provides for the computation of time, because in the construction of the statute under consideration we must be mindful of the rule that legis- [5] lative enactments are to be so construed that the whole will stand, and, if there is any doubt as to the meaning of one phrase, that phrase must be given such a reasonable construction as will enable it to be harmonized with other provisions dealing with the same subject.

"Running through the great majority of the cases in relation to the computation of time, we find this doctrine either [6] directly expressed or indirectly acquiesced in, namely, that it is the desire of the courts to carry out the intention of the legislature and the parties, and that this intention is to be gathered not only from the language used in the provision under consideration, but from the context as well, and whenever it is apparent that only the clear days are meant, this intention will be carried out, regardless of the particular language used in the clause." (*Cowie* v. *Means*, 39 Colo. 1, 88 Pac. 485.)

For the reasons stated, it is clear that the complaint states a cause of action, and that the relator is entitled to the relief he seeks. (*State ex rel. Clarke* v. *Moran*, 24 Mont. 433, 63 Pac. 390.) The demurrer is overruled, and it is ordered that a permanent injunction issue forthwith in accordance with the prayer of the relator's complaint.

*Writ issued.*