STATE ex rel. FEDERAL LAND BANK OF SPOKANE,
Appellant, *v.* HAYS, County Treasurer, Respondent.

(No. 6,433.)

(Submitted May 21, 1929. Decided June 22, 1929. Resubmitted on
rehearing October 5, 1929. Decided November 4, 1929.)

[282 Pac. 32.]

*Mr. C. C. Rowan,* for Appellant, submitted an original brief, a reply brief and a brief on motion for rehearing, and argued the cause orally.

*Messrs. Wood & Cooke,* for Respondent, submitted a brief; *Mr. Sterling M. Wood* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On rehearing the original opinion is withdrawn and this one substituted.

In 1921 the owner of section 11 and the northwest quarter of section 14, township 1 south, range 24 east, for a valuable

consideration, made, executed and delivered to relator a mortgage covering the whole of the lands described. The mortgage was duly recorded, and ever since has been, and now is, a lien upon the premises. The terms of the mortgage have been breached, and it is subject to foreclosure. A portion of the land is included within the Cove irrigation district. The state, county, school district and irrigation taxes for the year 1923 were unpaid. In January, 1924, the lands were sold to Yellowstone county for taxes. Thereafter the Farm Mortgage Corporation purchased the tax sale certificates from the county, and has paid all subsequent taxes.

In 1927 relator, desiring to redeem from tax sale a portion of the lands covered by its mortgage, demanded of respondent, as county treasurer, that he compute and apportion the taxes delinquent upon each forty-acre tract, according to legal subdivisions. Upon the refusal of respondent to comply, relator sought relief by mandamus. Respondent answered, denying the material allegations of the petition. After trial, judgment was entered denying the writ, except that respondent was required to permit redemption of section 11 and the northwest quarter of section 14 separately. From the judgment, relator appeals.

It appears from the evidence that during each of the years in question section 11 was assessed as one tract, and not by forty-acre subdivisions, and that the northwest quarter of section 14 was assessed as one tract; that, when the lands were sold for delinquent taxes, they were sold in two tracts of 640 and 160 acres, respectively, and accordingly two certificates of sale were issued to the county.

The determinative question is whether respondent, as county treasurer, is required to permit redemption by relator of a portion of the lands covered by its mortgage, according to the legal subdivisions thereof.

Relator contends that under the provisions of section 2211, Revised Codes 1921, as amended by Chapter 48, Laws of 1923, it has the right to redeem any forty-acre tract covered by its mortgage; while respondent insists that, since each

forty-acre tract was not separately assessed, no such right exists.

Section 2211, supra, as amended, in so far as it is pertinent reads: "Whenever any person, firm, copartnership, corporation, or association shall desire to redeem from a tax sale and pay all subsequent taxes upon any lots, piece, or parcel of real estate, which said person, firm, copartnership, corporation, or association shall own or hold a mortgage or other lien against or have any interest in such property, it shall be the duty of the county treasurer of the county in which such real estate is situated to permit such redemption and payment; and in case the said real estate shall have been assessed or sold, together with other real estate, or in case the tax assessed against any other property shall be a lien thereon, then it shall be the duty of said county treasurer to compute and apportion the tax that should have properly been assessed against the said real estate sought to be redeemed, and upon which the taxes are sought to be paid, the same as if said property had been separately assessed."

"It is not the policy of the law that any man should forfeit his estate because from inability, or even from negligence, he has failed to meet his engagements or to perform his duties by some exact day which has been prescribed by statute. On the contrary, it is for the welfare of every community that the law should favor the citizen in all reasonable measures for the preservation of his estate against losses which might result from his misfortune or his faults, extending to him all the liberality that is consistent with justice to others and to a proper regard for the interest of the public." (4 Cooley on Taxation, sec. 1558.)

Redemption statutes are regarded favorably and construed with liberality. (4 Id., sec. 1562.) "Abundant reason for this is assigned in the cases which recognize the rule. It has been justly remarked that the right of the government to sell lands for taxes, as it is accustomed to do, can only be maintained on 'the absolute sovereignty of the state in the exercise of its taxing power. But it is a severe exercise of power. To

divest ownership without personal notice and without direct compensation, is the instance in which a constitutional government approaches most nearly to an unrestrained tyranny. Whatever tends to modify this right is favorable to the citizen, and ought to be liberally construed, on the principle that remedial statutes are to be beneficially expounded. Redemption is the last chance of the citizen to recover his right of property.' '' (4 Id., sec. 1562.)

The right to redeem is wholly statutory, and, while the statutes are to be liberally construed, yet the person seeking to redeem must bring himself within their provisions. (*Hartman* v. *Reid*, 17 Colo. App. 407, 68 Pac. 787; *Montford* v. *Allen*, 111 Ga. 18, 36 S. E. 305; *Bitzer* v. *Becke*, (Iowa) 89 N. W. 193.)

"In the construction of a statute, the primary duty of the court is to give effect to the intention of the legislature in enacting it." (*Lerch* v. *Missoula Brick & Tile Co.*, 45 Mont. 314, Ann. Cas. 1914A, 346, 123 Pac. 25; *State ex rel. Vickers* v. *Board of County Commrs.*, 77 Mont. 316, 250 Pac. 606, 608.) "The intention is to be sought in the language employed and the apparent purpose to be subserved." (*State ex rel. Vickers* v. *Board of County Commrs.*, supra; *Johnson* v. *Butte & Superior Copper Co.*, 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *State ex rel. Carter* v. *Kall*, 53 Mont. 162, 5 A. L. R. 1309, 162 Pac. 385.) It will be presumed that the legislature understood the meaning of the words used by it, and that the words were used in the common and ordinary meaning (*Helena Light & Ry. Co.* v. *Northern Pac. Ry. Co.*, 57 Mont. 93, 186 Pac. 702, 703; *Morrison* v. *Farmers & Traders' State Bank*, 70 Mont. 146, 225 Pac. 123; 36 Cyc. 1136), and "the meaning of a given term employed in a statute must be measured and controlled by the connection in which it is employed, the evident purpose of the statute, and the subject to which it relates" (*Northern Pac. Ry. Co.* v. *Sanders County*, 66 Mont. 608, 214 Pac. 596, 598). In determining the legislative intent, we may resort to the history of the statute. (*State ex rel. Vickers* v. *Board of County*

*Commrs.*, supra; *Haydon* v. *Normandin*, 55 Mont. 539, 179 Pac. 460; *Melzner* v. *Northern Pac. Ry. Co.*, 46 Mont. 162, 127 Pac. 146.)

With these principles clearly established, a reference to the history of section 2211, as amended, will prove helpful in the determination of the question presented.

It seems unnecessary to go back of section 3889, Codes of 1895, since previous Acts upon this subject are similar to section 3889, supra. This section provided: ''A redemption of the property sold may be made by the owner or any party interested within thirty-six months from the date of the purchase, or at any time prior to the giving of the notice and the application for a deed, as provided for in this Act.'' The section was carried forward as section 2645, Revised Codes of 1907. Without reference to the enactment of section 2645, Chapter 91, Laws of 1915, was enacted which, in so far as it is applicable, read: ''That whenever any person or corporation shall desire to redeem from a tax sale, or to pay any tax upon any lot, piece or parcel of real estate which said person or corporation shall own or hold a mortgage or other lien against, it shall be the duty of the county treasurer of the county in which such real estate is situated, to permit such redemption or payment; and in case the said real estate shall have been assessed or sold, together with other real estate, or in case the tax assessed against any other property shall be a lien thereon, then it shall be the duty of the said county treasurer to compute and apportion the tax that should have properly been assessed against the said real estate sought to be redeemed, or upon which the taxes are sought to be paid, *if the same had been separately assessed,''* etc. (Italics ours.) Chapter 91, supra, was amended by Chapter 73, Laws of 1919, by extending the right of redemption to persons or corporations ''having any interest in'' the real estate sought to be redeemed. This chapter was carried into the Revised Codes of 1921 as section 2211, without change except in punctuation.

Manifestly, under this section one desiring to redeem a portion of the lands sold for delinquent taxes could do so only "if the same had been separately assessed."

Section 2211 was amended by Chapter 48, supra, so as to extend the right of redemption to firms, copartnerships and associations, and require the redemptioner to pay all subsequent taxes. The phrase "if the same had been separately assessed" was amended to read "the same as if said property had been separately assessed."

" 'It has been a general rule,' says Blackburn, J. [*Hadley* v. *Perks*, L. R. 1 Q. B. 457], 'for drawing legal documents from the earliest time, which one is taught when one first becomes a pupil to a conveyancer, never to change the form of the words unless you are going to change the meaning; and it would be as well if those who are engaged in the preparation of Acts of Parliament would bear in mind that that is the real principle of construction.' Whether the change be by omission, addition or substitution of words, the principle applies. Where changes have been introduced by amendment it is not to be assumed that they are without design." (2 Lewis' Sutherland on Statutory Construction, 2d ed., 777.)

In the construction of an amendatory Act, "the old law should be considered, the evils arising under it, and the remedy provided by the amendment, and that construction of the amended Act should be adopted which will best repress the evils and advance the remedy. * * * It will be presumed that the legislature, in adopting the amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment." (36 Cyc. 1166. See, also, *State ex rel. Boone* v. *Tullock*, 72 Mont. 482, 234 Pac. 277; *Johnson* v. *Butte & Superior Copper Co.*, supra.) However, a mere change in the words of a statute will not be deemed a change in the law, unless it appears that such was the intention of the legislature. (*State* v. *Dotson*, 26 Mont. 305, 67 Pac. 938.)

Considering the language employed by the legislature, the history of the Act, the apparent purpose sought to be ac-

complished, we think it is clear that the legislature intended to change the substance of section 2211, supra, and to permit a mortgagee to redeem a portion of the lands covered by his mortgage, even though the lands sought to be redeemed had not been separately assessed. To hold otherwise would do violence to the plain and unambiguous language used by the lawmakers.

In *Chmielewska* v. *Butte & Superior Mining Co.*, 81 Mont. 36, 261 Pac. 616, 617, this court, speaking through Mr. Chief Justice Callaway, said: " 'Our duty is not to enact, but to expound, the law, not to legislate, but to construe legislation; to apply the law as we find it, to maintain its integrity as it has been written by a co-ordinate branch of the state government.' (*Cooke* v. *Holland Furnace Co.*, 200 Mich. 192, L. R. A. 1918E, 552, 166 N. W. 1013.) When the terms of a statute are plain, unambiguous, direct, and certain, the statute speaks for itself; there is naught for the court to construe." To the same effect are *State ex rel. Mineral County* v. *State Highway Com.*, 82 Mont. 63, 265 Pac. 1; *State ex rel. Bevan* v. *Mountjoy*, 82 Mont. 594, 268 Pac. 558; *Cruse* v. *Fischl*, 55 Mont. 258, 175 Pac. 878. So, here, the language employed by the legislature speaks for itself.

We cannot agree with counsel for respondent that section 2211, supra, gives "the county treasurer the powers of an assessor in a special and limited class of cases," and is therefore repugnant to section 26, Article V, of the Constitution, which says: "The legislative assembly shall not pass local or special laws * * * for the assessment or collection of taxes," and also section 11 of Article XII, which provides: "Taxes shall be levied and collected by general laws. * * * " Section 2211 is purely a redemption statute; it does not relate to the assessment of property as that word is used in the Constitution. It confers no power upon the treasurer to assess property. As pointed out, the property here involved had been assessed by the assessor, and all that the county treasurer was required to do was to "compute and apportion" the tax against the portion sought to be re-

deemed by relator, and it does not provide for the collection of a tax, within the meaning of the provisions quoted. Upon the sale of the lands for delinquent taxes, the taxes are fully paid and the lien created by statute is satisfied. (Sec. 2152, Rev. Codes 1921.)

Is section 2211, as amended, a special statute? ''A special statute is one which relates to particular persons or things of a class (*In re Church*, 92 N. Y. 1), or one made for individual cases and for less than a class (*Guthrie Daily Leader* v. *Cameron*, 3 Okl. 377, 41 Pac. 635), or one which relates and applies to particular members of a class, either particularized by the express terms of the Act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable (*State* v. *Cooley*, 56 Minn. 540, 58 N. W. 150).

''The test of a special law is the appropriateness of its provisions and the objects that it excludes. It is not, therefore, what a law includes, but what it excludes, that determines whether it is special. (*Budd* v. *Hancock*, 66 N. J. L. 133, 48 Atl. 1023.) * * * So-called class legislation may be constitutional if the class is germane to the purpose of the law and is characterized by some special qualities or attributes which reasonably render the legislation necessary, or, in other words, if the classification is reasonable, and the law operates equally upon every person or thing within the given class. (1 Lewis' Sutherland Statutory Construction, sec. 203.) Interdicted class legislation includes all laws that rest upon some false or deficient classification, and the vice in such laws is that they do not embrace all of the class to which they are naturally related. (*State* v. *Parsons*, 40 N. J. L. 1.) A fair test for determining whether a statute is special is this: Does it operate equally upon all of a group of objects which, having regard to the purpose of the legislature, are distinguished by characteristics sufficiently marked and important to make them a class by themselves?'' (*State ex rel. Redman* v. *Meyers*, 65 Mont. 124, 210 Pac. 1064, 1065.)

Applying this test to section 2211, as amended, it must be conceded that it is not a special law. It is general in its scope, and operates upon every person seeking to redeem, under the conditions existing in the instant case, alike.

Finally, counsel for respondent contend that mandamus is not the proper remedy of relator. The contention is not tenable. Mandamus is a proper remedy where there is not a plain, speedy and adequate remedy at law. (Rev. Codes 1921, sec. 9849.) It lies to compel "the performance of an act which the law specially enjoins as a duty." (Sec. 9848, Id.; *Kalman* v. *Treasure County,* 84 Mont. 285, 275 Pac. 743.) Respondent was commanded by the provisions of section 2211, as amended, upon request of relator, to compute and apportion the tax against the lands sought to be redeemed, and, having refused, mandamus was proper to compel the performance of the duty.

In this case respondent will encounter no difficulty in computing and apportioning the taxes that should have been assessed against the land sought to be redeemed by relator, since it appears from the record that pursuant to the provisions of Chapter 239, Laws of 1921, sections 1–3 (now secs. 2024, 2025 and 2026, Rev. Codes 1921), the lands in Yellowstone county were classified. In addition to other information, the classification records show the "Full and True Value" of each forty-acre subdivision, together with the full value of the improvements thereon. The assessment of the lands in question was made from these classification records; the values of the forty-acre subdivisions as fixed by the classification were added together, and the total entered on the assessment-roll as the full and true value for assessment purposes. This information from public records is available for the use of respondent in computing and apportioning the taxes that should have been assessed against the lands sought to be redeemed by relator. We agree with counsel that this evidence was not admissible to vary or explain the assessment-roll, and we recognize the rule of law that the assessment-roll, when completed and certified by the assessor as required by our statutes, is

the only evidence of his official acts, but we think the evidence competent to show that the information is available for the use of respondent in making the computation and apportionment enjoined by the Act.

There are no constitutional provisions prohibiting the legislature from requiring the county treasurer to perform the duties imposed by the amendment to section 2211. The court erred in not issuing the writ as prayed for.

For the reasons given, the judgment is reversed, and the cause remanded to the district court, with direction to enter an order directing respondent, as county treasurer of Yellowstone county, to compute and apportion the tax against each forty-acre subdivision of the lands here involved, sought to be redeemed by relator.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.