STATE EX REL. REDMAN, APPELLANT, *v.* MEYERS, COUNTY
SUPERINTENDENT OF SCHOOLS, RESPONDENT.

(No. 5,123.)

(Submitted October 26, 1922. Decided November 22, 1922.)

[210 Pac. 1064.]

*Constitution—General and Special Statutes—Class Legislation
—Creation of Joint School Districts—Invalidity of Act.*

School Districts—Creation—Power of Legislature
 1.  A school district is a political subdivision of the state created
for the convenient dispatch of public business, and, in the absence
of constitutional limitations, the legislature may create or abolish a
district or change or rearrange the boundaries of an existing district,
as well as create joint districts from territory lying in adjacent
counties.

Statutes—Special Statute—Definition.
 2.  A special statute within the meaning of section 26, Article V, of
the Constitution, forbidding such legislation, is one which relates to
particular persons or things of a class, or one made for individual
cases and for less than a class, or one which relates and applies
to particular members of a class either particularized by the express
terms of the Act or separated by any method of selection from the
whole class to which the law might, but for such limitation, be
applicable.

Same—Special Statute—Test.
 3.  Determination of the question whether a statute is special de-
pends, not upon what it includes, but upon what it excludes.

Same—Special Statutes on Creation of Joint School Districts Invalid.
 4.  *Held,* that section 1038, Revised Codes of 1921, relating to the
creation of joint school districts, is invalid as special legislation upon
a subject covered by a general statute (sec. 1035), in that it oper-
ates only upon existing districts divided by the creation of new
counties under the New Counties Act and excludes from its operation
all existing districts which may have been or may be divided by the
creation of new counties by direct legislative Acts.

Same—Class Legislation—When Valid.
 5.  Class legislation may be constitutional if the classification is
reasonable and operates equally upon every person or thing within
the given class.

Same—Validity—How Determined.
 6.  The validity of a statute is not determined by what has been
done, but by what may be done under it.

Same—When General Statute Controlling.
 7.  While courts will not generally interfere with the determination
of the legislature evinced by enacting a special statute, that the gen-
eral law covering the subject is inapplicable because of extrinsic
facts and circumstances or that the general statute has spent its
force with the passing of time and has become inadequate, they will

hold the special Act invalid under section 26, Article V, of the Constitution, where there are not and cannot be such facts or circumstances which can militate against the operation of the general law.

*Appeal from District Court, Judith Basin County; Rudolph von Tobel, Judge.*

CERTIORARI by the State on the relation of H. C. Redman, against Emily McLaury Meyers, as County Superintendent of Schools of Judith Basin County. From a judgment dismissing the proceeding, the relator appeals. Affirmed.

*Mr. Ralph J. Anderson* and *Mr. Edgar J. Baker,* for Appellants, submitted a brief; *Mr. Anderson* argued the cause orally.

*Mr. John Jacob Jewell* and *Mr. John B. Muzzy,* for Respondent, submitted a brief; *Mr. Jewell* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1920 Judith Basin county was created under the provisions of Chapter 226, Laws of the Sixteenth Legislative Assembly. The territory incorporated in the new county was taken principally from Fergus county, and the county boundary line between the new county and the old one divided School District No. 44 in Fergus county into two parts. The portion remaining in Fergus county continued to be known as District 44, while the portion in Judith Basin county was organized into a separate district known as District 41 in Judith Basin county. More than two months after the new county was created and the organization of District 41 completed, the Seventeenth Legislative Assembly passed an Act, now section 1038, Revised Codes of 1921, which, if valid, became effective February 24, 1921, and which provides: "That all school districts in the state of Montana, which have heretofore, or that may be hereafter divided by the crea-

tion of a new county under and by virtue of the provisions of Chapter 112, Laws of the Twelfth Legislative Assembly, or Chapter 133, Laws of the Thirteenth Legislative Assembly, or Chapter 139, Laws of the Fourteenth Legislative Assembly, or Chapter 226, Laws of the Sixteenth Legislative Assembly, shall be joint school districts and shall be subject to all laws of the state of Montana, relating to the management and control of joint school districts.'' Thereafter, and in May, 1921, the county superintendent of schools of Judith Basin county made an order detaching a portion of the territory from District 41 and attaching it to District 25 in Judith Basin county, and this proceeding was instituted to secure an annulment of that order. Upon the return of the writ the trial court sustained a motion to quash, and rendered and had entered a judgment dismissing the proceeding. From that judgment this appeal is prosecuted.

The application for the writ proceeds upon the theory that at the time the order complained of was made, District 44, as constituted prior to the creation of the new county, was a joint district, and that the county superintendent of Judith Basin county acted without and in excess of her authority in changing the boundaries of the district without consulting the authorities in Fergus county. If the premise assumed is correct, the conclusion stated cannot be avoided. However, District 44 was not a joint district prior to the creation of Judith Basin county, and it was not made a joint district by virtue of the fact alone that the new county boundary line divided it into two parts, for the Act under which Judith Basin county was created commanded the county commissioners of Fergus county to divide the territory to be included in the new county into a convenient number of school districts, and to define their boundaries and designate their names (Sess. Laws 1919, p. 566), and, in the absence of any showing to the contrary, we must presume that that official duty was performed regularly (subd. 15, sec. 10606, Rev. Codes 1921), and that the territory in Judith Basin county thereto-

fore in School District 44 was duly organized into District 41. If, then, the county superintendent of Judith Basin county acted in excess of her authority, she did so only because the territory which she sought to attach to District 25 was, in fact, a part of a joint district made such by the operation of section 1038. The trial court held this new statute to be unconstitutional, and the correctness of that conclusion is the only question presented by this appeal.

A school district is merely a political subdivision of the [1] state, created for the convenient dispatch of public business. In the absence of constitutional limitations, the legislature may create or abolish a district or change or rearrange the boundaries of an existing district, and by the same token it may create joint districts from territory lying in adjacent counties. It is obvious that the only purpose of section 1038 was and is to create joint school districts, and the question then presents itself: Is there any constitutional restriction upon this character of legislation?

Section 26, Article V, of our state Constitution forbids [2] special legislation upon some thirty-four enumerated subjects, and then concludes: "In all other cases where a general law can be made applicable, no special law shall be enacted."

Is section 1038 a special statute? A special statute is one which relates to particular persons or things of a class (*In re Church*, 92 N. Y. 1), or one made for individual cases and for less than a class (*Guthrie Daily Leader* v. *Cameron*, 3 Okl. 377, 41 Pac. 635), or one which relates and applies to particular members of a class, either particularized by the express terms of the Act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable (*State* v. *Cooley*, 56 Minn. 540, 58 N. W. 150). The test of a special law is the appropriate- [3] ness of its provisions and the objects that it excludes. It is not, therefore, what a law includes, but what it excludes, that determines whether it is special. (*Budd* v. *Hancock*, 66 N. J. L. 133, 48 Atl. 1023.)

Section 1038 does not assume to provide a general plan for
[4]  the creation of joint school districts. By its express
terms it operates only upon existing districts divided by the
creation of new counties, and only such new counties as have
been or may be created under the enumerated statutes which
are known familiarly as the New County Acts. It excludes
from its operation all existing districts which have been or
may be divided by the creation of new counties by direct
legislative Acts. It is a part of our state history that since
1912 several counties have been created under the New County
Acts and several by direct legislative enactment. The fact
that section 1038 applies only to some school districts does not
necessarily render it invalid. So-called class legislation may
[5]  be constitutional if the class is germane to the purpose
of the law and is characterized by some special qualities or
attributes which reasonably render the legislation necessary,
or, in other words, if the classification is reasonable, and the
law operates equally upon every person or thing within the
given class. (1 Lewis' Sutherland's Statutory Construction,
sec. 203.) Interdicted class legislation includes all laws that
rest upon some false or deficient classification, and the vice
in such laws is that they do not embrace all of the class to
which they are naturally related. (*State* v. *Parsons,* 40
N. J. L. 1.) A fair test for determining whether a statute
is special is this: Does it operate equally upon all of a group
of objects which, having regard to the purpose of the legisla-
ture, are distinguished by characteristics sufficiently marked
and important to make them a class by themselves? (*Clen-
daniel* v. *Conrad,* 3 Boyce (Del.), 549, Ann. Cas. 1915B, 968,
83 Atl. 1036.)

Applying this test to section 1038, it must be conceded that
it is a special law. There is not any difference in the situa-
tion or circumstances of a school district divided by the cre-
ation of a new county under the New County Acts and one
divided by the creation of a new county by direct legislative
enactment. The first is included in the operation of section

[65 Mont. 124.]

1038, and the last is excluded, apparently without any reason, and in the absence of anything which distinguishes the excluded districts from those included. It is no argument to say that probably no school district has ever been divided by the creation of a new county by direct legislative enact-

[6] ment. The validity of a statute is not determined by what has been done under it, but by what may be done under it. (*State ex rel. Holliday* v. *O'Leary,* 43 Mont. 157, 115 Pac. 204.) Section 1038 is a special statute under all of the authorities, and the attempted classification found in it is purely arbitrary and artificial. (*State* v. *Cudahy Packing Co.,* 33 Mont. 179, 114 Am. St. Rep. 804, 8 Ann. Cas. 717, 82 Pac. 833; *State* v. *Holland,* 37 Mont. 393, 96 Pac. 719.)

However, section 26, Article V, above, does not prohibit
[7] the enactment of special laws altogether. It only prohibits the enactment of such a law where a general law can be made applicable. For many years we have had a general statute for the creation of joint school districts (sec. 408, Chap. 76, Laws 1913; sec. 1035, Rev. Codes 1921), and that statute is still in force and effect. Circumstances may arise, however, under which a general statute cannot be made applicable to a given subject, or, if applicable when enacted, it may spend its force with the passing of time and cease to be adequate for the purpose intended. If the applicability of a general law depends upon extrinsic facts and circumstances, the question of applicability is referable to the legislature, and with its determination the courts will not interfere. (*State ex rel. Ford* v. *Schofield,* 53 Mont. 502, 165 Pac. 594.) In the present instance, however, there are not, and there cannot be, any extrinsic facts which could militate against the operation of the present general law for the creation of joint school districts, and which do operate in favor of a statute creating a joint district out of every existing district divided by the creation of the new county under the New County Acts. Our general law is applicable; hence section 1038

violates the last sentence of section 26, Article V, above, and is void.

The judgment is affirmed.

*Affirmed.*

Associate Justices Farr, Cooper and Galen concur.