STATE ex rel. ROUNDUP COAL MINING CO., Relator, *v.* INDUSTRIAL ACCIDENT BOARD et al., Respondents.

(No. 7,144.)

(Submitted May 18, 1933. Decided June 3, 1933.)

[23 Pac. (2d) 253.]

*Mr. W. W. Mercer,* for Relator, submitted a brief and argued the cause orally. *Mr. S. C. Ford,* of Counsel.

*Mr. F. W. Mettler,* for Respondents, submitted an original and a reply brief and argued the cause orally. *Mr. Hugh R. Adair,* of Counsel.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an original proceeding for a writ of prohibition against the Industrial Accident Board to prohibit it from taking any further proceedings in a matter pending before it, entitled *Charles Magelo* v. *Roundup Coal Mining Company.* An alternative writ and order to show cause was issued. Motion to quash the writ was made, argued and is now before us.

Charles Magelo, an employee of the Roundup Coal Mining Company operating under plan 1 of the Workmen's Compensation Act (Rev. Codes 1921, secs. 2816 et seq., as amended), filed a claim with the commission on March 6, 1931. He demanded compensation for injuries which he alleged he sustained in the course of his employment on January 14, 1930. The matter came to hearing before the board on May 17, 1930. The claim was denied on the ground that no written notice of accident was filed with the company under the provisions of section 2933, Revised Codes of 1921, as amended by Chapter 177, Laws of 1929, which reads as follows:

"No claims to recover compensation under this Act for injuries not resulting in death shall be maintained unless, within thirty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing, stating the name and address of the person injured, the time and place where the accident occurred, and the nature of the injury, and signed by the person injured, or someone in his behalf, shall be served upon the employer or the insurer, except as otherwise provided in section 2900 of the Revised Codes of Montana of 1921, as amended by Chapter 121 of the Session Laws of the Nineteenth Legislative. Assembly of 1925; provided, however, that actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury shall be equivalent to such service."

No application for a rehearing. was made or filed under the provisions of section 2955, Revised Codes 1921, and no appeal to the district court was made or prosecuted under the provisions of section 2959, Id., as amended by Chapter 177, Laws of 1929.

The matter thus remained dormant until March 13, 1933, when Magelo filed with the board a petition to reopen the case. The petition recited the history of the case and the fact that the legislative assembly of the state of Montana by the enactment of Chapter 85, Laws of 1933, authorized petitioner to present his claim and prosecute the same. Section 1 of that Act reads: .

"The Industrial Accident Board is hereby authorized and empowered to allow the filing of a compensation claim with the Industrial Accident Board by Charles Magelo, by reason of an alleged industrial accident, injury and disability, suffered by him in the course of his employment. The board shall investigate and determine the validity of said compensation claim ,and shall consider it to have the same status and effect as if within thirty (30) days after the occurrence of the accident, notice had been given in writing, stating the

name and address of Charles Magelo, the injured workman, the time and place where the accident occurred and the nature of the injury and signed by Charles Magelo and served upon the employer or insurer and to have the same status and effect as if said claim had been presented within six (6) months to the Industrial Accident Board from the date of the happening of the alleged accident, injury and disability.''

The allegations of the petition indicate that the petition is primarily based upon the foregoing legislative enactment. In the argument of the case, however, and in the brief of counsel for Magelo, considerable reliance is placed upon the theory of the continuing jurisdiction of the board over all of its orders, decisions, and awards, under the terms of section 2952, as amended by Chapter 177, Laws of 1929, which reads:

''The board shall have continuing jurisdiction over all its orders, decisions and awards, and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision or award made by it upon good cause appearing therefor. Provided, that the board shall not have the power to rescind, alter or amend any final settlement or award of compensation more than two years after the same has been made, and provided further that the board shall not have the power to rescind, alter or amend any order approving a full and final compromise settlement of compensation. Any order, decision, or award rescinding, altering or amending a prior order, decision, or award, shall have the same effect as original orders or awards.''

It is also important to note the provisions of sections 2955 and 2956, Revised Codes 1921. All of these sections are parts of the Workmen's Compensation Act of the state of Montana, and all must be considered together in such manner as to give effect to the Chapter as a whole. (*Hardesty* v. *Largey Lumber Co.*, 34 Mont. 151, 86 Pac. 29; *In re McLure's Estate*, 68 Mont. 556, 220 Pac. 527; *Congdon* v. *Butte Consolidated Ry. Co.*, 17 Mont. 481, 43 Pac. 629; *State ex rel. Marshall-Wells* v. *District Court*, 74 Mont. 34, 237 Pac. 523; *State*

*ex rel. Special Road District No. 8* v. *Millis,* 81 Mont. 86, 261 Pac. 885.)

The case really presents but two points. The first one ▮ which we will consider, and the one upon which Magelo chiefly relies in this proceeding, involves the proposition that the board still has jurisdiction of the matter under the terms of section 2952, supra. This section is a part of the practice portion of the Act and has been considered by this court previously, and in connection with other sections of the Act. In the case of *State ex rel. Mulholland* v. *District Court,* 88 Mont. 400, 293 Pac. 291, 293, these sections and the effect of a decision made by the district court under the terms thereof were treated. (In the instant case no appeal having been taken to the district court, the same rulings are applicable.) The court there said: "The judgment of the district court * * * is upon conditions then existing, and it determines that only which is then before the court; it goes no further. It is final and, therefore, *res adjudicata,* upon the very issue which it determines, and upon that only."

It is important to note, therefore, that the decision of the board made in this case on June 8, 1930, is based solely upon the failure of Magelo to file a written notice under the terms of section 2933, supra. Evidence was introduced at the hearing and the board made its decision upon that one point alone. In its order denying the claim it is stated that the ruling is made upon the authority of *Maki* v. *Anaconda Copper Min. Co.,* 87 Mont. 314, 287 Pac. 170. Apparently, the board considered the *Maki Case* as holding that a written notice of the accident was necessary as an absolute condition precedent to the prosecution of the claim. Such a construction of the opinion in the *Maki Case* is not warranted by a consideration of the whole opinion. That construction would render ineffective the last provision of the section, wherein it is provided that actual knowledge of the accident on the part of the employer, his managing agent, or superintendent in charge of the work shall be the equivalent of service of such notice. The court discussed the proposition of actual knowledge and held that

there was not sufficient knowledge in the *Maki Case* to comply with the statute.

It is argued by counsel for Magelo that the facts in this case may be distinguished from the facts in the *Maki Case* and, therefore, that this case by virtue of its own particular facts comes within the latter part of section 2933, supra. With that argument we have no quarrel. If the board held, as the record seems to indicate, that the application for benefits was subject to rejection on the sole ground that no written notice was filed, it was error. For the sake of argument here, we may admit that such was the fact, but when we make that admission we then find ourselves faced with a question of practice under the Compensation Act. In such a contingency there must be consideration of all of the sections of the Act heretofore mentioned. It is true that the Act was designed for two purposes: (1) To define the measure of compensation due the injured workman, and (2) to provide a plain, speedy and adequate means of determining the right of the workman to such compensation; but this does not mean that in carrying out these purposes, established rules of orderly practice may be disregarded or ignored.

As we have indicated, this court in the *Mulholland Case,* supra, recognized that some of the orders of the board are final, and others are, in a sense, interlocutory. The latter type of order contemplates the so-called continuing jurisdiction of the board. This continuing jurisdiction, as the court said quoting from an Ohio case (*Industrial Commission* v. *Dell,* 104 Ohio St. 389, 135 N. E. 669, 671, 34 A. L. R. 422), "is to give a board or tribunal the power to modify or change a judgment or order to meet changed conditions, or to do justice in the light of newly discovered evidence, or to correct an order which was made as the result of fraud or imposition, or an order which would not have been made if certain facts later discovered had then been known to exist."

Therefore it is fair to say that the proposition of continuing jurisdiction to enable the board to meet new or changed conditions is a well-established principle of law in this state. The

order of the board in this case was not such an order as might be subject to changing conditions. It is the kind of order that this court said was final, and therefore renders the subject thereof *res adjudicata*. The order specifically, absolutely, and permanently denied to Magelo any relief or compensation because of his failure to file his notice under the provisions of section 2933, supra. By virtue of the very fact that the order was final it was subject to review, under section 2955, and it was appealable under section 2959, supra.

While the practice before the board is made, to some extent, informal and liberal by law, nevertheless there must be a substantial compliance with the plain provisions of the Act. We hold that here Magelo had a plain, speedy and adequate remedy assured to him by statute, in the nature of an appeal to the district court and then to this court, if he desired to carry the controversy to that extent. That being the case, the cause is now *res adjudicata* and cannot be maintained unless by the special Act, Chapter 85, Laws of 1933.

It is urged that this Act is a special law and, therefore, violative of section 26, Article V, of the state Constitution. The pertinent part of that section reads: "The legislative assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * In all other cases where a general law can be made applicable."

A "special law" has been defined by this court. "A special statute is one which relates to particular persons or things of a class (*In re Church*, 92 N. Y. 1), or one made for individual cases and for less than a class (*Guthrie Daily Leader* v. *Cameron*, 3 Okl. 677, 41 Pac. 635), or one which relates and applies to particular members of a class, either particularized by the express terms of the Act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable (*State* v. *Cooley*, 56 Minn. 540, 58 N. W. 150)." (*State ex rel. Redman* v. *Meyers,* 65 Mont. 124, 210 Pac. 1064, 1065; *State ex rel. Federal Land Bank* v. *Hays,* 86 Mont. 58, 282 Pac. 32.)

The Act in question is clearly a special law. It applies by its very terms to but one individual and leaves all others in the same circumstances subject to the provisions of the general statute. It likewise renders some employers subject to compensation suits, previously barred by the statutes, without imposing a like burden upon others of the same class. No reason has been assigned why a general law could not accomplish the purpose sought to be accomplished by Chapter 85, Laws of 1933.

The legislature in enacting section 2899 and section 2933, as amended, placed limitations upon the time within which compensation claims might be prosecuted. By simply amending or abolishing these sections and giving its Act a retrospective effect, it could have accomplished its purpose without effecting the discrimination achieved by Chapter 85, Laws of 1933. Chapter 85 is unconstitutional.

The alternative writ of prohibition is made permanent.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.

Rehearing denied July 6, 1933.