KERRUISH, Appellant, *v.* INDUSTRIAL ACCIDENT
BOARD; Respondent.

(No. 8,247.)

(Submitted October 9, 1941.   Decided November 14, 1941.)

[118 Pac. (2d) 1049.]

*Mr. S. P. Wilson,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. M. J. Thomas,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The claimant had been the janitor of School District No. 1 ██ in the city of Deer Lodge, Powell county, for ten years immediately prior to January 2, 1932, and, on the evening of that date while attending to his duties at the school building, he tripped and fell down a flight of cement steps leading from the first floor to the basement. He was rendered unconscious and painfully hurt but shortly regained consciousness and made his way home with difficulty. He returned to his duties at the school building the following afternoon but suffered a severe pain in his right hip and got about only with the use of canes for some two months. He continued in his employment with the school board for a year and a half after the accident, but, on account of his inability to do the work, was discharged at the close of the school year in June, 1933. The claimant ap-

pears to have been of reticent nature and said little about suffering from the pain in his hip. He attributed his trouble to rheumatism and expressly stated that he did not think at the time that the fall down the school building steps caused his trouble, and he continued in that belief until he consulted Dr. Brogan, his local physician, in 1935. After examination Dr. Brogan advised the claimant that his right hip bone was dislocated—out of the socket—expressed some doubt about his being able successfully to treat such an injury, and urged the claimant to consult Dr. Allard of Billings. Shortly thereafter the claimant went to Billings and, after being examined, was advised by Dr. Allard that an X-ray showed the right hip bone was broken, and that the injury was permanent and incurable. A subsequent trip to and an examination by the Mayo Clinic at Rochester, Minnesota, confirmed Dr. Allard's diagnosis.

School District No. 1 of the city of Deer Lodge carried Employers' Liability insurance under Plan 3 of the Workmen's Compensation Act. It appears that the claimant learned when it was too late that in order to obtain compensation under the Workmen's Compensation Act it was necessary to give notice of the injury sustained as provided by section 2933, Revised Codes, and thereafter file a claim as provided by section 2899, and, realizing that he had not complied with such statutes, believed his right to recover under the Act for the injury had been lost by lapse of time, but, being encouraged by the enactment of Chapter 79 of the Laws of 1939, he filed his claim with the Industrial Accident Board March 28, 1939, almost seven years after the accident. In due course, and after the facts had been developed by the board through correspondence and otherwise, a hearing was called and had, and, after consideration of the evidence submitted, the claim was disallowed by the board. The claimant appealed to the district court where the matter was submitted to the court sitting without a jury on an agreed statement of facts in part supplemented by testimony on the question as to whether or not "actual notice" mentioned in section 2933 was brought home to the claimant's employer.

The trial court found that plaintiff's claim was barred by section 2899, Revised Codes, and that relief could not be had under Chapter 79, supra, for the reason that such Act is unconstitutional and void on two grounds, (a) that it is a special statute, and (b) that it is retrospective. The order of the Industrial Accident Board denying the claim, and its further order denying a petition for a rehearing, were both affirmed. Claimant appealed to this court.

Without deciding the question as to whether the school officials had actual knowledge of claimant's injury or not, clearly his claim to compensation is foreclosed by the provisions of section 2899, unless the bar of that section is removed by the 1939 Act mentioned. These two statutes provide, respectively, as follows:

"2899. Claims must be presented within what time. In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within twelve months from the date of the happening of the accident, either by the claimant or some one legally authorized to act for him in his behalf."

Chapter 79, Laws of 1939.

"Section 1. That section 2900 of the Revised Codes of Montana, 1935, be, and the same is, hereby amended to read as follows:

"2900. *Exception in Case of Minors and Incompetents as to Period of Limitation and in case of Workmen Employed by School Districts as to the Time When the Period of Limitations Shall Begin to Run.* No limitation of time as provided in Section 2899 or in Chapter 256 of the Political Code of the State of Montana, Revised Codes, 1935, known as workmen's compensation act, shall run against any injured workman who is mentally incompetent and without a guardian, or an injured minor under eighteen years of age who may be without a parent or guardian. A guardian in either case may be appointed by any court of competent jurisdiction in which event the period of limitations as provided *for in Section 2899, Revised Codes of*

*Montana, 1935,* shall begin to run on the date of appointment of such guardian, or when such minor arrives at the age of eighteen years, *whichever date may be·the earlier. The period of limitations as provided for in Section 2899, Revised Codes of Montana, 1935, and any limitation of time for the filing of claims with the industrial accident board contained in Chapter 256 of the Political Code of the State of Montana, Revised Codes, 1935, known as workmen's compensation act, shall not begin to run against any injured workman employed by any school district in the State of Montana until January 1, 1939."*

An analysis of Chapter 79 just quoted establishes this fact: That legislative Act does not repeal either section 2899, Revised Codes, by which claims for accidental injury under the Workmen's Compensation Act are forever barred, unless presented to the party liable to pay the same within twelve months from the date of the accident; nor does it repeal section 2933, Revised Codes, by which written notice, or its equivalent, shall be given to the workman's employer within thirty days after the accident occurs. These two sections of the Workmen's Compensation Act are merely suspended by Chapter 79 until the person, or persons, for whose relief Chapter 79 was intended, shall have had time to give notice and make their claims. After that shall have been done, Chapter 79 lapses—becomes a dead letter—and sections 2899 and 2933 of the Workmen's Compensation Act are revived and reinvested with all their original force and effect.

Chapter 79 is a special Act in the nature of class legislation for this reason: It is an Act by which particular workmen employed by school districts are separated from all other workmen insured under Plan 3 of the Workmen's Compensation Act. Workmen in the employ of the various departments of the state, the counties, the municipalities, and in the employ of private concerns, both corporate and individual, are discriminated against by being denied the rights and privileges granted to the special few covered by Chapter 79.

We refer to Chapter 79 as having been enacted for the benefit of a particular person or persons, but we think it may be pre-

sumed that the chapter was specially enacted for the particular benefit of the claimant. The record of the bill in the legislature so indicates. No other case involving such a claim has come to our attention. But whether this presumption be correct or not, the chapter, if valid, applies particularly to the facts of the claimant's case. The remarkable feature about the Act is that, after serving its purpose, it necessarily lapses or becomes ineffective. It does not fix any statute of limitation in itself, but, as to those affected thereby, temporarily suspends sections 2899 and 2933 of the Workmen's Compensation Act which comprise the two particular statutes of limitation of that Act. It would have no application to, nor control in any manner, an injured workman insured under Plan 3 who at this time undertook to comply with the statutes and establish his claim. Such workman would have to perfect his claim for compensation under the law without consideration of Chapter 79. This is true for the reason that the chapter provides that "any limitation of time for the filing of claims with the Industrial Accident Board contained in Chapter 256 of the Political Code * * * , [sections 2899 and 2933, Revised Codes, are incorporated in Chapter 256 of the Political Code] shall not begin to run against any injured workman employed by a school district in the State of Montana until January 1, 1939." Necessarily Chapter 79 became inoperative on and after December 31, 1939, which would end the twelve-months period provided for by section 2899 in which claims may be made and after which they are forever barred. It would be difficult to formulate a bill for legislative enactment so clearly special in its application as the Act under consideration.

No question arises in the mind of any member of the court as to claimant's right to compensation if notice of the injury had been given and his claim filed as required by the statutes. The record shows clearly that, except for the failure to comply with the statutory requirements mentioned, the claim is one of exceptional merit. But we are satisfied beyond a reasonable doubt that Chapter 79 of the Laws of 1939 contravenes section

26 of Article V of the Constitution, and must be declared null and void. The Act is in conflict with section 26 of Article V for the reasons we have heretofore stated, and our conclusions follow the rule laid down in the following cases: *State ex rel. Powell* v. *State Bank of Moore*, 90 Mont. 539, 4 Pac. (2d) 717, 80 A. L. R. 1494; *State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board*, 94 Mont. 386, 23 Pac. (2d) 253; *State ex rel. Redman* v. *Meyers*, 65 Mont. 124, 210 Pac. 1064. The discrimination that Chapter 79 would work against all other employees insured under Plan 3 of the Workmen's Compensation Act is such that it cannot be upheld irrespective of how meritorious a particular claim may be. (*Hill* v. *Rae*, 52 Mont. 378, 158 Pac. 826, Ann. Cas. 1917E, 210, L. R. A. 1917A, 495.)

It was argued by counsel that Chapter 79 also contravenes ▓ section 13 of Article XV of the Constitution, in that the Act is retrospective in effect and is not expressly made so by the legislature; but in view of our conclusion that the Act is unconstitutional on the grounds heretofore mentioned, we deem it inexpedient and unnecessary to determine that contention in this action.

Likewise the question of lack of legislative power to revive a right of action already barred by statutes of limitation was advanced. On that question the authorities are divided and, as its determination is not essential here, it is reserved.

We are not unmindful of the rule heretofore frequently applied by this court to the effect that every possible presumption must be indulged in favor of the constitutionality of an Act of the legislature. (*State* v. *Safeway Stores*, 106 Mont. 182, 76 Pac. (2d) 81, and cases cited.) But the Act involved is so clearly a special Act of the class prohibited by the provision of the Constitution cited that we can find no reasonable grounds for any other conclusions than those above expressed.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ANDERSON concur.