## MONTANA STATE BOARD of EXAMINERS in PHOTOGRAPHY, Appellant, *v.* KELLER, Respondent.

No. 8738

Submitted October 3, 1947. Decided October 17, 1947.

185 Pac. (2d) 503

Mr. Leif Erickson, of Helena, for appellant.

Mr. James T. Finlen, Jr., and Mr. W. E. Coyle, both of Butte, for respondent.

MR. JUSTICE GIBSON delivered the opinion of the Court.

This action is brought as a suit in equity in behalf of the Montana state board of examiners in photography, the appellant here, against the respondent, to enjoin him from ''practicing the profession of photography within the state of Montana without having received a license from the said board as provided in Chapter 37 of the Session Laws of 1937.''

The complaint alleges that at the time it was filed, February 3, 1947, respondent was a non-resident of Montana, engaged in taking photographs of the pupils in the various schools in the city of Butte and selling them to the pupils so photographed; that he has not applied for a license from the board to engage in the practice of photography and does not hold such a license. The appellant further states in the complaint that the criminal proceedings authorized by said Chapter 37 do not afford an adequate remedy to the board of examiners in photography nor to the licensed photographers of Montana and that unless restrained therefrom the respondent will continue to practice the profession of photography in Butte and other cities of the state, even though a criminal prosecution be brought against him. It is also stated that the respondent has no property or visible means from which an execution could be satisfied in case of the rendition of a judgment against him and that it would be difficult to ascertain the amount of compensation which would afford adequate relief.

An order to show cause was issued upon the complaint and a temporary restraining order included therein. To the complaint the respondent interposed a general demurrer and a motion to dissolve the restraining order upon the ground that said Chapter 37 violates sections 3 and 27 of Article III of the Montana Constitution and the Fourteenth Amendment to the Constitution of the United States, and that the Act in question, Chapter 37, is not a proper exercise of the police power under the Constitution of the state of Montana or of the United States. The district court made and entered its judgment in which it sustained the demurrer, granted the motion to dissolve the temporary restraining order and dismissed the action. The appeal is from the judgment.

Chapter 37 of the Laws of 1937 defines photography and declares the "practice of photography" to be "the business or profession, occupation or avocation of taking or producing photographs, or any part thereof, for hire." It establishes a board of examiners in photography, provides for the organization of the board, authorizes it to give examinations and to issue licenses to those who pass the examination, specifies an examination fee and a license fee, exempts photographers in business at the time the Act takes effect from the requirement of an examination, and provides in section 13 of the Act as follows: "Any person who shall practice, or attempt to practice, photography in the state, without first having complied with the provisions of this act, or who shall violate any provisions of this act, shall be guilty of a misdmeanor, and upon conviction thereof shall be punished by a fine for each offense, of not less than fifty (50) nor more than two hundred (200) dollars, or by imprisonment in the county jail not less than thirty (30) days nor more than six (6) months, or by both such fine and imprisonment. Each sale shall be a separate offense."

It is urged by appellant both at bar and in brief that respondent's pleadings are insufficient to raise the question of the constitutionality of the statute, and that because thereof

the court may not determine the constitutional question. The record shows that the question was definitely and sufficiently raised by the respondent, who now is here armed with decisions from six courts of last resort that have struck down as unconstitutional photographers' license Acts like and similar to Chapter 37 (Bramley v. State, 187 Ga. 826, 2 S. E. (2d) 647; Buchman v. Bechtel, 57 Ariz. 363, 114 Pac. (2d) 227, 134 A. L. R. 1374. Territory v. Fritz Kraft, 33 Haw. 397; Sullivan v. DeCerb, 156 Fla. 496, 23 So. (2d) 571; Moore v. Sutton, 185 Va. 481, 39 S. E. (2d) 348; State v. Cromwell, 72 N. D. 565, 9 N. W. (2d) 914), as against one state (State v. Lawrence, 213 N. C. 674, 197 S. E. 586, 116 A. L. R. 1366) that has sustained the Act by a divided court; he has from the outset seemed ready to do battle on the constitutional issue, but we are not at liberty to determine the issue in this action and could not do so even if the appellant instead of objecting were to waive all other issues, or even stipulate that the constitutional issue might be determined.

And this, not because of the contention of appellant, nor yet ▮▮▮▮▮ because of the universal rule that the constitutionality of a statute will not be determined in any case unless such determination is absolutely necessary to a decision upon the merits of the action in which the constitutionality of the statute is drawn in question. The latter is the rule followed generally in all courts, and in Montana in many cases such as Yale Oil Corporation v. Plentywood F. O. Co., 98 Mont. 582, 41 Pac. (2d) 10; State ex rel. Dean v. Brandjord, 108 Mont. 447, 92 Pac. (2d) 273; In re Banks' Estate, 80 Mont. 159, 260 Pac. 128. This rule finds its foundation in the nature of our federal and state governments in which the powers and functions of the government are divided and distributed among the three coordinate branches—legislative, executive and judicial. In this division of power neither shall encroach upon the field of the other. By reason of the decent respect in which each department of the government is held by the others, the judicial department in the

exercise of the judicial power vested in it by the Constitution will not exercise that power to declare an Act of the legislative department to be in violation of the Constitution, unless necessary to protect a citizen or person within its jurisdiction in a right that it threatened or invaded.

The rule is adverted to here because it is an expression of the deliberate and cautious attitude of the courts in their approach to constitutional questions when such are presented to them, and because it may seem disappointing that the court in any case may not decide the constitutionality of a statute when, as here, it has had the benefit of careful study by counsel and able and thorough discussion and presentation of the issue.

Here, though, there is no alternative ground of decision, as may be the case under the rule stated. Here the case presented is simply one in which the relief asked cannot be granted by reason of a settled rule of equitable jurisprudence, now expressed in statutory prohibition directed to the judicial department of the state.

The action was brought in Silver Bow county district court, by the appellant board to secure an injunction, an equitable remedy termed in practice and by Montana statutes "preventive relief." The statutes provide and specify the cases in which the courts may grant such relief. One statute provides that "specific and preventive relief may be given in no other cases than those specified in this part of the Civil Code." Sec. 8657, Rev. Codes 1935. Section 8710, Revised Codes, provides that "Neither specific nor preventive relief can be granted to enforce a penal law, except in a case of nuisance, nor to enforce the penalty or forfeiture in any case."

The district court was asked by appellant board to enjoin respondent from practicing the profession of photography without a license. The act under which the appellant claims authority provides that such practice is a crime punishable by fine, or imprisonment, or both. Unless such practice constitutes a nuisance the court could not grant the preventive relief asked.

Our section 8710 was adopted in 1895 from California, it being the language of section 3369 of the Civil Code of that state. It is to be noted that California in 1933, St. 1933, p. 2482, amended this section to include with nuisances cases of "unfair competition." Unless, then, the practice of the profession of photography, as the complaint alleges the respondent was practicing it, constitutes a nuisance, he could not be enjoined from the practice, for Chapter 37 declares such to be a crime and and fixes the penalty therefor. Is such taking of photographs a nuisance? We look to the statute which defines nuisances for answer. The statute says: "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance." Sec. 8642, Rev. Codes 1935.

It seems most clear that taking pictures, either with or without a license, comes not within any of the things enumerated.

The Code section 8710, which is but a crystallization of the principle of equitable jurisprudence governing, was considered in its historical background, and its practical application by Chief Justice Callaway in State ex rel. Stewart v. District Court, 77 Mont. 361, 251 Pac. 137, 49 A. L. R. 627, and it was held to render void the provision of section 11075, Revised Codes of 1921, as amended, which authorized the issuance of injunction against the commission of liquor offenses not denominated as nuisances in the State Prohibition Act.

Attention was called to the fact that to use injunction to prevent violation of penal laws would permit punishment in contempt proceedings for acts made criminal by law and thus deny the constitutional right of jury trial.

In People v. Seccombe, 103 Cal. App. 306, 284 Pac. 725, it was held that where acts or conduct which are sought to be

enjoined constitute merely crime or a series of crimes, and not nuisance, neither specific nor preventive relief may be granted, citing the California Civil Code section 3369.

Again in People v. Steele, a California case, reported in 4 Cal. App. (2d) 206, 40 Pac. (2d) 959, and on petition for rehearing in 4 Cal. App. (2d) 213, 41 Pac. (2d) 946, it is held under the Civil Code section 3369, that even in the case where one of the healing arts is practiced by one not having a license, such practice is not a nuisance per se.

Again in California it is said that ''it is elementary that violation of a penal ordinance does not of itself create a private nuisance per se, and it is likewise elementary that, in the absence of special injury, an injunction will not be granted on the application of a private individual merely to prevent violation of a penal statute. Carter v. Chotiner, 210 Cal. 288, 291 Pac. 577, 578, citing California Civil Code section 3369.

While the facts stated in the complaint are to be taken as ██ ██ true and appellant therein avers that ''The said board of examiners in photography is authorized by said Act to take appropriate steps to prevent a violation of the provision of said Act,'' this is but a conclusion of the pleader. The Act does not give the board of examiners any power concerning the enforcement of the Act other than the right to revoke licenses of photographers under certain circumstances. Subdivision (e) of section 3 of the Act creates the photographers' license fund ''to be used only in defraying the expenses of the board and in the prosecution of violations of this Act.'' This does not confer authority on the board to prosecute violations of the Act. The prosecution of violations of the Act refers to the criminal prosecutions that may be brought under section 13 of the Act. The Act does not give the board of examiners any power over unlicensed photographers. It is given some disciplinary authority over its licensees, to revoke their licenses. Its field is limited to photographers who have licenses and those who are applicants for licenses. The ones who practice without a license are to be

dealt with, if at all by the criminal law. That is what Chapter 37 provides.

So the status of the case before the district court was this: The appellant board's complaint alleged that respondent was taking protographs of school children and selling them to the children photographed and that he had no license from the board. There was no element of nuisance alleged, nothing injurious to health, nothing indecent or offensive to the senses averred, no obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property asserted, no other of the acts denominated "nuisance" by section 8642 set forth. The fact that respondent did not have a license from the board was relied upon to justify the issuance of injunction. The Act declares the violation complained of to be a crime and fixes penalties for the violation. The Act does not declare the violation to be a nuisance. It gives the appellant board no power of enforcement of the Act either in equity or by criminal prosecution as against non-licensed photographers. The only method of enforcement in the Act mentioned is by criminal prosecution. This is an adequate remedy for such violations.

By reason of the prohibition of section 8710, the injunctive relief could not be granted. That remedy was, under the case made by the complaint, withheld from use by the court. Lacking the authority to enjoin the respondent, it could only refuse the preventive relief asked by appellant, sustain the demurrer to the complaint and dismiss the action. The question whether Chapter 37, Session Laws of 1937, was in violation of any provision of the Constitution of Montana, or of the Constitution of the United States, was not before the court in the case.

The judgment of the court was correct and it is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman, and Metcalf concur.