DICKEY, Appellant, v. BOARD OF COM'RS OF LEWIS
AND CLARK COUNTY et al., Respondents.
No. 8761.
Submitted October 4, 1947. Decided March 17, 1948.
191 Pac. (2d) 315.

Mr. E. G. Toomey, Mr. Charles N. Wagner, and Messrs. Toomey, McFarland & Wagner, all of Helena, for appellant. Mr. Wagner argued the cause orally.

Mr. Melvin E. Magnuson, Co. Atty., and Mr. Edwin E. Multz, Deputy Co. Atty., both of Helena, for respondents. Mr. Multz argued the cause orally.

MR. JUSTICE METCALF delivered the opinion of the court.

224

The relator is a citizen and taxpayer of Lewis and Clark county, Montana. He brings this action to enjoin the defendants, the board of county commissioners of Lewis and Clark county, the Lewis and Clark county fair commission, and various administrative county officers ''from appropriating and expending from the general fund of Lewis and Clark county, any moneys for advertising, and, in any event, from expending the same in the manner and by the procedures heretofore followed and again threatened, and in process of being carried out at this time.''

A general demurrer to the relator's complaint was sustained and when he declined to amend or plead further, a judgment of dismissal was entered for the defendants. This appeal is from that judgment.

The facts as they appear from relator's complaint are: The defendant board of county commissioners of Lewis and Clark county during the year 1946, made an appropriation out of the general fund of the county treasury of the sum of $2,100 for advertising the resources and advantages of Lewis and Clark county. The board of county commissioners then ordered a county warrant in the sum of $2,100 be drawn by the county auditor upon the county treasury and caused the warrant to be delivered to the Lewis and Clark county fair commission. The president of the Lewis and Clark county fair commission, acting under the orders and at the direction of the board of county commissioners, delivered the warrant to the Montana chamber of commerce. The Montana chamber of commerce is a non-profit corporation, organized and existing under the laws of the state of Montana for the purpose of promoting, by legitimate publicity and other means, the development of the state, its resources, and the progress and betterment of its citizens. The Montana chamber of commerce was to use the money for the purpose of advertising the products and resources of Lewis and Clark county.

The complaint then alleges that the county commissioners of Lewis and Clark county have appropriated the sum of $1,050 to be expended for the same purpose and in the same manner

for the year 1947. It is this expenditure the plaintiff seeks to enjoin.

The defendants rely upon the authority granted by section 4549, Revised Codes of Montana 1935. Section 4549 says: "The board of county commissioners of their respective counties may appropriate annually out of the general fund of the county treasury to the county fair commission a sum not to exceed two thousand five hundred dollars ($2,500.00), to be expended by the county fair commission for the purpose of holding a county fair, or advertising the products and resources of their county."

The county fair commission consists of five members appointed by the board of county commissioners from the electors of the county. Sec. 4545, Rev. Codes. This commission is expressly granted certain powers and duties by sections 4545. 1—4547, Revised Codes, and section 4548, Revised Codes, provides for an annual compensation of $25 per year and actual and necessary expenses incurred while fulfilling the duties of the office.

The duties assigned are primarily concerned with organizing and operating a county fair. But the same board administers the fund appropriated for advertising in the event that the county does not hold a fair.

Lewis and Clark county does not hold a county fair, so the money appropriated by the board of county commissioners for advertising Lewis and Clark county would be expended by this fair commission, residents of the county.

In requiring that the members of the fair commission be chosen from the electors of the county and in fixing compensation for their services, the legislature certainly contemplated that the fair commission be something more than a mere conduit for the transfer of funds from the general fund of the county treasury to the Montana Chamber of Commerce. As electors of the county the members of the fair commission represent the agricultural, commercial and industrial life of the county. It is their duty to determine the nature of the advertising medium, where the advertising will be placed to accomplish the greatest

good and what products and resources will be featured in the advertising in order to realize the greatest value for the taxpayers. These matters are within the discretion of the board of fair commissioners, are to be resolved in the light of the knowledge and experience of the members as residents of the county. The exercise of this discretion is not delegable to a corporation or an individual not responsible to the state of Montana or the county of Lewis and Clark.

The general rule is: "The right of a county board to delegate its authority depends on the nature of the duty to be performed. Powers involving the exercise of judgment and discretion are in the nature of public trusts and cannot be delegated to a committee or agent." State ex rel. Nelson v. Timmons, et al., 57 Mont. 602, 189 Pac. 871, 873.

A parallel case is State ex rel. Browning v. Brandjord, 106 Mont. 395, 404, 81 Pac. (2d) 677, 682. In that case the public welfare board wished to sponsor a number of works project administration projects and in order to purchase materials and pay the non-labor costs, the public welfare board attempted to issue to the works project administrator a check for $150,000. The court pointed out that there was no agreement which set forth the terms under which the works project administration was to expend the money advanced. The court declared: "If the board in the exercise of its discretion desires to furnish materials for a project, it should furnish them and not merely turn over to some governmental agency or officer a sum of money to be expended by it or him when or where it or he pleases. Such an agency would in such event be exercising the functions which Chapter 82 [Laws of 1937] contemplates should be performed by the board. The Public Welfare Board would under such an arrangement not be supervising and administering the funds appropriated but merely delivering the funds entrusted to it to be supervised and administered by an agency not answerable to the State of Montana."

The Lewis and Clark county fair commission was not authorized to delegate the discretionary powers conferred upon

it by statute to the Montana chamber of commerce. The trial court should have enjoined the expenditure of the funds in the manner alleged in relator's complaint.

Counsel for relator has challenged the constitutionality of section 4549 as violative of section 11, Article XII of the Montana Constitution. It is contended that section 4549 authorizes the use of tax money for the purpose of advertising the products and resources of Lewis and Clark county, that such use is not a public purpose within the provisions of section 11 of Article XII. This question has been thoroughly briefed and ably argued by counsel for both parties. However, in view of the disposition we have made of the case, we must reserve judgment on the constitutional question at this time.

As recently pointed out by this court in Montana State Board of Examiners in Photography v. Keller, Mont., 185 Pac. (2d) 503, 505, the universal rule is that the constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to a decision upon the merits of the action. This avoidance is not the result of "disingenuous evasion" on the part of the court but "by reason of the decent respect in which each department of the government is held by the others." Montana State Board of Examniers in Photography v. Keller, supra.

The judgment is reversed and the cause is remanded to the trial court with instructions to overrule the defendant's demurer and for such further proceedings as may be deemed proper.

Mr. Chief Justice Adair and Associate Justices Choate and Angstman concur.

DISTRICT JUDGE LYMAN H. BENNETT, sitting for Mr. Justice Cheadle, disqualified (specially concurring).

If I felt it could be correctly held that funds raised by taxation could be properly expended for advertising under the limitations fixed by Section 11, Article XII, Constitution of the State of Montana, I could agree with the conclusion of the majority opinion that the methods used and threatened to be used in accomplishing that specified purpose are themselves forbidden,

but I cannot agree that without disposition of that constitutional question the merits of this action can be disposed of as the majority opinion attempts to do, notwithstanding the reservation of the question which the majority opinion expresses. I am convinced that a correct determination of the action would require a holding that the purpose for which the funds were to be used was not and is not, a public purpose within the meaning of the provision of the Constitution cited. In my opinion advertising is not a "governmental purpose", which this Court by the cases of State ex rel. Mills v. Dixon et al., 66 Mont. 76, 213 Pac. 227 and Stanley v. Jeffries, 86 Mont. 114, 284 Pac. 134, 70 A. L. R. 166, has held to be the meaning of the term "public purpose" as used in the Constitution.