SJOSTRUM, Respondent, *v.* STATE HIGHWAY COMMISSION, et al., Appellants.

No. 9055.

Submitted January 16, 1951. Decided February 27, 1951.

228 Pac. (2d) 238.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Charles V. Huppe, First Asst. Atty. Gen., Mr. Harry H. Jones, Sp. Asst. Atty. Gen., for appellants.

Mr. C. T. Sanders, Messrs. Sanders, Holbrook and Cresap, and Mr. V. G. Koch, Sidney, for respondent.

Mr. Jones and Mr. Sanders argued orally.

⸰ MR. CHIEF JUSTICE ADAIR:

This is an appeal from a decree of the district court of Richland county enjoining the state highway commission and its members from entering into a contract with the Great Northern Railway Company agreeing to pay that company $18,000 per year from the state highway fund for the use of its railroad bridge near Snowden, Montana for highway travel free from toll charges.

A branch line of the Great Northern railroad extending northerly and easterly from the southern terminus thereof at Richey in Richland county, Montana and connecting with the main line of the railroad at Snowden crosses the Missouri river near the Montana-North Dakota boundary line on a railroad bridge constructed, owned, maintained and operated by the railway company as part of its branch line.

The Missouri river constitutes the boundary between the counties of Richland and Roosevelt. An unimproved county highway extends northerly from Fairview to Nohle, both located in Richland county. About six miles of such highway lies without the county and within the state of North Dakota. The board of county commissioners of Richland county is charged by the Codes with the duty of constructing and maintaining that portion of such highway located within its county. R. C. M. 1947, secs. 32-401 to 32-417.

An unimproved county highway likewise extends southerly from Bainville to Snowden, both located in Roosevelt county,

and the board of county commissioners of that county is charged by the Codes with the duty of constructing and maintaining such highway. R. C. M. 1947, secs. 32-401 to 32-417.

The railroad bridge at Snowden was built and it has since been maintained and operated by the railway company for the primary purpose of moving its locomotives, railway cars and other rolling stock across the river. The railway company also has placed planks on the bridge to the level of the railroad rails thereon and for more than twenty years has permitted motorists and other travelers to cross on the bridge upon the payment to the railway company of a small toll charge. The vehicle traffic over the bridge always has been regulated, supervised and controlled by the railway company through its agents, servants and employees employed at and on the bridge. This latter and incidental permissive use of the bridge has not been for profit but merely for the accommodation of travelers, it being represented that the railway company makes no profit from the tolls so collected.

The 1949 Legislative Assembly enacted into law House Bill No. 102 introduced by the representative from Richland county, now Chapter 51 of the Session Laws of 1949, and thereafter the state highway commission, assuming to take the necessary action "to carry out the will of the Legislature" as expressed in such Act, adopted a resolution reading:

"Resolution

"Whereas, the Legislature of the State of Montana in its Thirty-First Session, passed Chapter 51, Laws of Montana, 1949 which was approved by the Governor on February 24, 1949, providing as follows:

" 'All toll bridges crossing any river in the State of Montana, are hereby designated as roads authorized by the laws of the State of Montana upon which moneys of the state highway fund may be expended for the purpose of construction, reconstruction, betterment, maintenance, administration and engineering, in the judgment of the state highway commission', and,

"Whereas, it is deemed necessary by the Highway Commis-

sion of the State of Montana that action be taken to carry out the will of the Legislature.

"Be It Resolved, that the Acting Chief Engineer of the Highway Commission, * * * enter into a contract with the Great Northern Railway Company to reimburse it for the cost of keeping the Snowden Bridge open to highway travel, free from the payment of any toll or tolls."

Thereafter the respondent, C. K. Sjostrum, a citizen and tax-payer of Richland county, instituted this action against the state highway commission and its members and was granted a decree enjoining them from entering into the aforesaid contract with the railway company, the court holding Chapter 51, supra, to be null and void as violative of the prohibitions contained in the state's Constitution. From such decree the commission and its members have appealed.

Chapter 51, Laws of 1949, applies only to toll bridges crossing rivers in the state. The Great Northern Railway Company's railroad bridge at Snowden is the only bridge crossing any river in the state of Montana where tolls are collected for the use thereof. Hence it is the one and only bridge to which the provisions of the Act could apply.

A "bridge" is defined to be "any structure which spans a body of water, or a valley, road, or the like, and affords passage or conveyance." Wilson v. Town of Barnstead, 74 N. H. 78, 65 A. 298, 299. Compare: State v. Inhabitants of Hudson County, 30 N. J. L. (1 Vroom) 137, 147, 148. A "toll bridge" is defined as: "A bridge subject to a toll or fee for passage." Funk & Wagnalls New Standard Dictionary. "Tolls" are the consideration for use of another's property. Sands v. Manistee River Imp. Co., 123 U. S. 288, 8 S. Ct. 113, 31 L. Ed. 149; People ex rel. Curren v. Schommer, 392 Ill. 17, 63 N. E. (2d) 744, 747, 167 A. L. R. 1347. See also, Rogge v. United States, 9 Cir., 128 F. (2d) 800, 802.

It has been held that the crossing of a river by a railroad track on what is known as a railroad bridge is not a "bridge" in the ordinary sense of the term in which it is used in legisla-

tion concerning toll roads and bridges. Lake v. Virginia & Truckee R. R. Co., 7 Nev. 294, 307; McLeod v. Savannah, Albany & Gulf R. R. Co., 25 Ga. 445, 456; Bridge Proprietors v. Hoboken Land & Improvement Co., 1 Wall. 116, 147, 68 U. S. 116, 147, 17 L. Ed. 571.

The county highway from Fairview to Nohle in Richland county ends at the Missouri river, the north boundary of the county. The county highway from Bainville to Snowden in Roosevelt county ends at the Missouri river, the south boundary of such county.

All public bridges are maintained by the county at large under the management and control of the board of county commissioners and the expense of constructing, maintaining and repairing same is provided for by statute. R. C. M. 1947, sec. 32-701.

Public bridges crossing the line between counties must be constructed by the counties into which said bridges reach and each of the counties must pay such portion of the cost as has been previously agreed upon by the board of county commissioners of the respective counties. R. C. M. 1947, sec. 32-710.

Such expenses shall be incurred upon order of the county commissioners by contracts let to the lowest bidder and secured by bonds for their performance, the county commissioners being authorized to levy a tax to defray such costs. R. C. M. 1947, secs. 32-702 to 32-704.

The Great Northern Railway Company's railroad bridge crossing the river is not now nor was it ever a part of the county highway of either Richland or Roosevelt county nor was it ever under the jurisdiction of the board of county commissioners of either county. Likewise such railroad bridge has never been a part of any federal aided highway nor a part of any state highway of the state. Neither county ever had title to such railroad bridge nor has the state any title thereto nor will it acquire any title to the structure by virtue of the proposed contract.

The state highway commission's resolution recognizes that

the Great Northern Railway Company is the owner of the bridge and assumes to authorize the commission's engineer to enter into a contract of hire with the railway corporation as owner paying such hire out of the state's funds rather than out of the pockets of the infrequent individual travelers who have occasion to use the corporation's bridge.

The Constitution prohibits both the state and the county ▮ from ever becoming a joint owner with the railway corporation in the bridge or from becoming a shareholder in such corporation or from making any donation or grant, by subsidy or otherwise, to such corporation. Const. art. XIII, sec. 1.

The above express inhibitions are both mandatory and prohibitory. State ex rel. Mills v. Dixon, 66 Mont. 76, 84, 213 Pac. 227. In speaking of the origin and purpose of the foregoing restrictions this court in State ex rel. Cryderman v. Wienrich, 54 Mont. 390, 397, 398, 170 Pac. 942, 945, said: "They arose in a time when the evils of public aid to railroads were notorious; they were intended to prevent the extension of such aid to either individuals or corporations for the purpose of fostering business enterprises, whether of a semi-public or private nature * * *."

The Constitution, art. V, sec. 26, says the legislative assembly ▮ shall not pass any local or special laws for "chartering or licensing ferries or bridges or toll roads" yet upon the enactment of Chapter 51 and assuming "to carry out the will of the Legislature" expressed therein, the state highway commission adopted a resolution authorizing the entering into a contract of hire with the railway company for the use of its Snowden bridge being the only bridge to which the Act could apply. "Hire" and "charter" are synonymous, "hire" being the general term, while "charter" is commonly applied to vessels whether they be ships or ferry boats.

The Constitution, art. V, sec. 26, further says the legislative assembly shall not pass any local or special laws for "laying out, opening, altering or working roads or highways" but notwithstanding it is here attempted to lay out, open and designate

the isolated railroad bridge at Snowden as a "road" authorized by the laws of the state of Montana upon which moneys of the state highway fund may be expended for the purpose of construction, reconstruction, betterment, maintenance and engineering under the direction of the state highway commission. This is an attempt through a special Act to alter and change a railroad bridge owned by a railway company into a thing which it is not and to lay out and create therefrom a highway such as is expressly prohibited by the Constitution. De Graftenreid v. Strong, 28 N. M. 91, 206 Pac. 694; Graham County v. Dowell, 50 Ariz. 221, 71 Pac. (2d) 1019. Compare: State ex rel. State Highway Commission v. District Court, 105 Mont. 44, 69 Pac. (2d) 112.

The structure did not lose its character as a "railroad bridge" and become a "toll bridge" upon which the moneys of the state highway fund may be expended by any such ingenious device as the enactment of Chapter 51, supra. Diebold v. Kentucky Traction Co., 117 Ky. 146, 77 S. W. 674, 63 L. R. A. 637, 111 Am. St. Rep. 230, 4 Ann. Cas. 445.

It is only the toll paying travelers using the railroad bridge and the railway company that built, owns and operates such bridge who may expect to benefit from the proposed contract for the making whereof there is no authority unless it can be found in the provisions of Chapter 51, Laws 1949, and it is these factors that determine whether such enactment is local or special legislation.

The rule is stated in 50 Am. Jur., Statutes, section 5, page 17, thus: "In determining whether a law is general or special, statewide or local, public or private, the courts will look to its substance and practical operation, rather than to its title, form and phraseology, because otherwise prohibitions of the fundamental law against special legislation would be nugatory. The fact that a statute is expressed in general terms is not conclusive that it is a general, rather than a special or local law." See Kerruish v. Industrial Accident Board, 112 Mont. 556, 118 Pac. (2d) 1049; State ex rel. Roundup Coal Mining

Co. v. Industrial Accident Board, 94 Mont. 386, 23 Pac. (2d) 253; State ex rel. Redman v. Meyers, 65 Mont. 124, 210 Pac. 1064; Reals v. Courson, 349 Mo. 1193, 164 S. W. (2d) 306; Toombs v. Sharkey, 140 Miss. 676, 106 So. 273; 50 Am. Jur., Statutes, sec. 8, p. 24; 25 R. C. L. Statutes, sec. 66, p. 815; 59 C. J., Statutes, sec. 318, p. 728, and p. 766, n. 3.

The "road" of which the Snowden railroad bridge is a part is a railroad owned and operated by the Great Northern Railway Company and not by the state of Montana nor by any county or counties thereof. Such railroad bridge is not a part of any state highway system nor is it a part of the federal aided highway system of Montana for the construction and maintenance whereof only the state highway department is responsible. It follows that the state highway funds may not be expended on such railroad bridge for the purpose of construction, reconstruction, betterment, maintenance, administration or engineering thereof.

The decree of the district court of Richland county is correct and it is affirmed.

MR. JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN: (concurring in the result).

I do not agree with the foregoing opinion but concur in the result announced by it for the following reason:

I think Chapter 51, Laws of 1949, so far as it authorizes expenditures of highway funds for the construction, reconstruction, maintenance, administration and engineering of a toll bridge owned by a private corporation and where the construction, repair and maintenance is controlled by the corporation, is invalid as an attempt to delegate governmental functions upon the owner of the toll bridge.

It is well settled that the construction, repair and maintenance of public highways is a governmental function which ordinarily may not be delegated to a private person or corporation. 40 C. J. S., Highways, sec. 177, page 25, et seq.; People ex rel. Healy v. Clean Street Co., 225 Ill. 470, 80 N. E. 298, 9 L. R. A.,

570

N. S., 455, 116 Am. St. Rep. 156; McCrowell v. City of Bristol, 89 Va. 652, 16 S. E. 867, 20 L. R. A. 653.

Of course it is proper for the governmental agency charged with the responsibility of constructing, repairing and maintaining highways to delegate ministerial functions to a private person or corporation, but the Act here as it is sought to apply it, attempts to place the whole responsibility as to means, methods and all the details of construction, repair and maintenance upon the owner of the bridge without any control whatsoever by the highway commission. That this may not be done, compare Dickey v. Board of Commissioners, 121 Mont. 223, 191 Pac. (2d) 315, and cases therein cited.

MR. JUSTICE METCALF:

I concur in the foregoing opinion of Mr. Justice Angstman.